# J. H. ZIMMERMAN v. BURCHARD-HULBURT INVESTMENT COMPANY.[1]

May 6, 1910.

Nos. 16,571—(100).

**Fraud in exchange of property — new trial denied.**

In a controversy charging fraud in the exchange of farms, it is *held* that defects in a charge and misconduct of counsel did not require that a new trial be ordered.

Action in the district court for Marshall county to recover $8,000 for fraudulent representations made in the exchange of certain land. The complaint set up the execution of a written contract and alleged that it was signed by plaintiff without reading it, and his signature was procured by deceit, that he had removed his family to the land purchased and by the removal and attempt to farm it had incurred an expense of $1,000; that prior to the commencement of the action

[1] Reported in 126 N. W. 282.

111 M.—2.

he had tendered to the defendant a quitclaim deed of the land purchased. Defendant's demurrer to the complaint on the ground that it did not state facts constituting a cause of action was overruled. The defendant then answered, denied the fraud and alleged that plaintiff entered into the transaction on his own examination and knowledge of the land; that he remained on it during practically all the farming season of 1908, farming the same and receiving and retaining the fruits of such farming operations and had ratified the contract. The facts are stated in the opinion.

The case was tried before Grindeland, J., who, at the close of the evidence denied defendant's motion to direct a verdict in its favor. The jury rendered a verdict in favor of plaintiff for $7,035.54. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*F. A. Clernan* and *Morphy, Ewing & Bradford,* for appellant.
*Charles Loring* and *J. J. Sutton,* for respondent.

JAGGARD, J.

Plaintiff and respondent owned a farm in Wisconsin; defendant and appellant, a farm in Minnesota. In November plaintiff examined the Minnesota farm with a view of effecting an exchange. The ground was bare and free from snow. On return after examination the party stopped to see a neighbor by the name of Landis, who was away from home. An agreement to exchange was thereafter executed in writing. It contained a provision to the effect that plaintiff entered into said contract relying on his own knowledge of the Minnesota property, and not upon any representations made by defendant or other persons touching the situation, location, or quality thereof. As to what occurred at this time there is conflict of testimony. Plaintiff moved to the Minnesota farm, and farmed it during the season of 1908, retained the proceeds of the farming operations, and brought this action about the twenty-third of September. On trial the defendant moved for a directed verdict, which was denied. The jury found for the plaintiff in sum of $7,035.54. This appeal was taken from the order of the court denying defendant's motion for a new trial.

1. The action was tried and submitted on the theory that it sought

to recover damages for fraud and deceit, and was not an action for rescission at law. This defendant assigns as error. It appears that defendant had previously demurred to the complaint upon the theory that an action for rescission was attempted to be stated therein and that the complaint did not state such a cause of action. At that time the court determined that "this was not an action for rescission, but an action for damages for deceit, and I will so hold now." Defendant has not shown that he has suffered any prejudice from the treatment of the complaint as stating a cause of action for damages for fraud and deceit. In view of these and other circumstances, the conclusion of the trial court on this point must be affirmed.

2. Exception was duly taken to that part of the charge which is as follows: "(1) The court instructs the jury that if you find that the defendant, in making the contract of exchange of lands, made positive statements as to the land being free from foul weeds and quack grass, and that the water in the well was good for household purposes, or as good as any in the state of Minnesota, and knowing such statements to be false, and were relied upon by the plaintiff to his injury, then plaintiff is entitled to recover. (2) Provided you also find that the contract was not read to the plaintiff, or the plaintiff informed or knew that it contained the following clause: 'It is hereby declared and agreed by the party of the second part that he has entered into the above written contract relying entirely upon his own knowledge of the said property, and not upon any representation made by the party of the first part or by any other person touching the situation, location, character or quality thereof.' " (The figures are ours.)

The first part of this charge contains two manifest errors. It is structurally imperfect. There is no subject for the predicate "were relied." To this defect we have no hesitation in applying the doctrine of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754. The matter, if, indeed, it amounts to more than a printer's error, should have been called to the attention of the trial court before the jury retired. Failure so to do waived this defect.

A much more serious question is presented by the failure of the charge in this connection to set forth that the false statements relied

upon must be in the reasonable belief that they were true. Farrar v. Churchill, 135 U. S. 609–615, 10 Sup. Ct. 771, 34 L. Ed. 246. And see Southern Development Co. v. Silva, 125 U. S. 247, 8 Sup. Ct. 881, 31 L. Ed. 678. Immediately before this charge was given, however, the court charged that the person to whom such representations were made must have a right to rely thereon.

The second part of the charge fails to set forth that fraudulent representations to plaintiff were in fact made to, and relied upon by, the plaintiff, and that he was thereby induced to sign the contract. On examination of the charge as a whole, all of the members of the court are agreed that this failure was excused by the rule in Steinbauer v. Stone, supra; for in previous portions of the charge the subject was adverted to at such length and in such a way that the jury were adequately and correctly instructed.

3. The plaintiff's attorney, in addressing the jury, said of one of the defendants: "I can't escape the conviction, from his conduct before you, that he is a villain and a perjurer." He also charged defendants took plaintiff to Landis' place "* * * to have him fix this man up to buy this land." Landis had not been a witness. The trial court in its charge to the jury did not advert to either of these improprieties and did not charge the jury to disregard them.

As to the conclusions to be drawn from this state of facts the court is not agreed. A majority of the court are of the opinion that the charge complained of, taken with all that the court said on the subject, is correct. If defendants desired a more specific statement, it should have been requested. The majority is also of opinion that the trial judge did not abuse his discretion in denying a new trial on account of misconduct of counsel. The order of the trial court is affirmed.

From this LEWIS, J., dissents, and is of opinion that a new trial should be granted on the ground of misconduct of counsel. The writer of this opinion agrees with LEWIS, J., as to misconduct of counsel, and is of opinion, also, that the first part of the charge of the trial court was so inadequate as to require a new trial. The deficiency in the charge was not supplied by the brief prior statement that the person to whom the false representations were made must have the right

to rely thereon. Nowhere did the court undertake to state the circumstances which gave the right to reliance on this representation, nor did it undertake to define what was a reasonable belief. This was the gist of the case; for the plaintiff had been on the Minnesota farm with a view to its examination. It was a question of fact, and not of law, whether this examination precluded the right to recovery. The court should have charged more fully on this subject, and then have applied the law to the facts of this particular case. Defendant could not reasonably be held to have anticipated this failure on the part of the trial court, and therefore to have made requests.

Affirmed.