# W. II. WOODWARD v. WESTERN CANADA COLONIZATION COMPANY.[1]

July 7, 1916.

Nos. 19,875—(237).

**Vendor and purchaser — representation of material fact.**

1. A representation by the vendor of a farm that it was in good condition for cropping is *held* under the evidence properly construed as intending to exclude the presence of foul weeds in such amounts as to prevent practical or successful cropping; and so construed the representation was a statement of a material fact, and not a mere opinion, or trade talk or puffing.

**Reliance on representation — finding sustained.**

2. The finding of the jury that the plaintiff relied upon such representation and was induced by it to make the purchase is sustained by the evidence.

Action in the district court for Norman county to recover $1,500. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of plaintiff for the amount demanded. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Arthur Christofferson, Alvin B. Christofferson and Earl F. Jackson,* for appellant.

*Charles Loring, E. A. Youngquist, Alfred Halvorson* and *M. A. Brattland,* for respondent.

DIBELL, C.

Action to recover the purchase money paid by the plaintiff to the defendant upon the purchase of a farm. There was a verdict for the plain-

[1] Reported in 158 N. W. 706.

Note.—As to when representations constitute mere expression of opinion or puffing and when they constitute a statement of facts, see note in 35 L.R.A. 417.

tiff. The defendant appeals from the order denying its blended motion for judgment or a new trial.

1. In October, 1910, the plaintiff purchased of the defendant a farm near Ada in Norman county, paying a part in cash, and received the usual contract. This action is to recover the purchase money paid as upon a rescission for fraud. The record presents no question of laches. If there was actionable fraud there should be a recovery.

The plaintiff claims that the fraudulent representation was made by one Currier, the agent of the defendant, when he was at the farm before buying. His testimony as to the representations is as follows:

Q. What was the conversation between you and Mr. Currier there?

A. He was speaking in regard to the farm, that it was in good condition and it was one of the best farms in Norman county and it was in the Red River Valley and told what crops could be produced in the Red River Valley and the reputation of the Red River Valley.

Q. Did he say anything to you in regard to what condition it was as to raising a crop?

A. Yes, he said it was in fine condition, and I asked him how it came that the land went back and he didn't tell me it had been overflowed, but he said they couldn't get renters.

Q. The land going back; what do you mean?

A. Why it had growed up to some weeds, that is, summer weeds, nothing that would injure the land very much perceptibly.

Q. Could you see at that time as you traveled over that place any quack grass or any foul weeds that were injurious to the land?

A. No, we didn't; we didn't stop to look.

Q. Well, why didn't you stop to look?

A. Because when we had been there a few minutes he got into the car, and the head car went ahead and of course we followed.

The representation upon which reliance for a recovery is placed, and the only one submitted to the jury, is that the farm was in good condition for cropping. The making of such representation was denied. The jury found on sufficient evidence that it was made. It is claimed that it was untrue, because the land was infested with foul weeds. Unless so there was no false representation. The evidence shows beyond substantial controversy that the farm was so infested with Canada

thistles, wild oats and mustard that it was unfit for immediate success-
ful cropping. There was no direct representation that it was free of
weeds. The representation, however, could fairly be construed as in-
tending to exclude the presence of foul weeds in such amounts as to
make immediate cropping impracticable. It was in the fall of the year.
The farm was not in crop and had grown up to weeds. Only a small
acreage had been fall plowed. The farm was rented for the following year.
The plaintiff intended moving on it when he could. It was in the con-
templation of both parties that the land would be cropped. In view of the
situation of the parties, the language of the representation could fairly
be construed as eliminating the presence of foul weeds which would
make cropping impracticable.

So construed the representation was not a mere opinion, or trade talk
or puffing. Some of the statements made in the conversation were of
that nature. Representations as to the character or condition or quality
of land are representations of material facts. Knappen v. Freeman,
47 Minn. 491, 50 N. W. 533 (representation that land is high and rolling
and fit for cultivation); Schmeisser v. Albinson, 119 Minn. 428, 138
N. W. 775 (character of soil and amount of crop previous year); Petrie v.
Clarke, 126 Minn. 119, 147 N. W. 1097 (that land is tillable); Drake v.
Fairmont Drain Tile & Brick Co. 129 Minn. 145, 151 N. W. 914 (that
land contained clay suitable for tile making). And see Pennington v.
Roberge, 122 Minn. 295, 142 N. W. 710; Zimmerman v. Burchard-Hul-
burt Inv. Co. 111 Minn. 17, 126 N. W. 282.

2. The plaintiff claims that he relied upon this representation and was
induced by it to make the purchase. He was a resident of South Da-
kota, a practical farmer of many years experience, and was familiar with
farm lands and farming methods. He was not acquainted with the
particular locality in which he purchased. He was taken to the farm
with others in an automibile. The opportunity for examination was
limited. He did not seek a further examination. A considerable por-
tion of the farm had grown up to weeds. The vegetation was dead, and
the character of the weeds not easily ascertainable, though the fact that
weeds were present could not escape observation. The fact that the plain-
tiff saw the land before he purchased is not conclusive proof that he did
not rely upon representations as to its character or condition, though

important for consideration in determining whether he did. Rudolphi v. Wright, 124 Minn. 24, 144 N. W. 430; Schmeisser v. Albinson, 119 Minn. 428, 138 N. W. 775; Brown v. Andrews, 116 Minn. 150, 133 N. W. 568. We hold that the jury could find from the evidence that the plaintiff in reliance upon the fraudulent representation found was induced to make the purchase.

We have examined the cases cited by counsel for the defendant. Many of them hold under circumstances not greatly differing from those in the case before us that there can be no recovery. In this state the rule which permits a recovery in case of fraud is liberal. The evidence is far from conclusive; indeed, it is unsatisfactory. The case was presented to the jury under instructions entirely fair, and the verdict has the approval of the trial court. We go no further than to hold that the evidence is such that we should not interfere with the verdict and we hold this with some hesitation.

Order affirmed.