MILHOLLIN ET AL. *v.* MILHOLLIN.

[No. 9,885. Filed November 26, 1919.]

1. ARBITRATION AND AWARD.—*Dispute.*—*Sufficiency.*—It is not ground for objection to an award that the arbitration is comprised wholly of matters adjudicated by the final settlements in certain estates, since a legal cause of action is not necessary

to authorize a submission, a dispute, controversy, or honest difference of opinion, either, as to liability or amount, being sufficient. p. 480.

2. HUSBAND AND WIFE.—*Agency.—Rules.*—The relation of agency between husband and wife is governed by the same rules which apply to other agencies. p. 481.

3. HUSBAND AND WIFE.—*Agency.—Creation.—Evidence.*—Evidence *held* sufficient to sustain a finding that the husband of one of defendants had authority from such defendant to enter into agreement to arbitrate. p. 481.

4. ARBITRATION AND AWARD.—*Action on Award.—Admissibility of Award.*—In an action on an award, the award is admissible in evidence. p. 484.

5. ARBITRATION AND AWARD.—*Facts of Arbitration.—Evidence.—Admissibility.*—In an action on an award, testimony by arbitrator of what was said and done at the hearing of the amount of his charges, *held* unobjectionable. p. 484.

From Delaware Superior Court; *Robert M. Van Atta,* Judge.

Action by William L. Milhollin against Samuel Milhollin and another. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Harry Long* and *George W. Cromer,* for appellants. *Koons & Koons,* for appellee.

McMAHAN, J.—The appellee's complaint was in two paragraphs. It is alleged in the first paragraph that Nathan Milhollin died testate in 1901, leaving a widow, Mary Milhollin, and three children, William L. Milhollin, appellee, Samuel Milhollin and Allie M. Beuoy, appellants herein, as his only heirs and legatees; that the estate of said Nathan Milhollin was administered and finally settled in the Delaware Circuit Court in 1903; that the widow, Mary, died intestate in 1909, leaving said three children as her sole and only heirs; that an administration was had upon her estate and final settlement made in 1910; that

in January, 1912, certain differences and controversies existed between appellants and appellee in relation to mutual dealings and business transactions by and between them arising out of the estate of Nathan Milhollin and in connection therewith, and in the settlement of a partnership between Nathan Milhollin and his said two sons, and the expense of William Milhollin in defending certain litigation relative to certain real estate that had been owned by said partnership, and that said partnership was administered and finally settled by said Delaware Circuit Court in 1903. The several claims alleged to have been in dispute are fully stated, and it is alleged that for the purpose of settling all of said disputes, differences and controversies, the said three children, William, Samuel and Allie, by their oral agreement, submitted said differences between them to arbitration and referred the same to Dee R. Jones as arbitrator; that notice was given, and that the parties met and appeared before said Jones, who as arbitrator heard the evidence and statements of the parties, and in Februtry, 1912, made and rendered his written award, wherein it was found and decided that Samuel owed appellee $455.22, and that Allie owed appellee $111.25. A demand by appellee and a refusal by appellants to comply with the terms of the award and to make payment are alleged, and judgment is demanded for the amount of the award, a copy of the award being attached to and made a part of the complaint. The second paragraph of complaint was upon an open account. Appellants filed a demurrer to both paragraphs, which was overruled as to the first and sustained as to the second. The court found the facts specially, and stated its conclusions of law thereon

in favor of appellee, and rendered judgment for the appellee for the amount named in the award with interest. Appellants· excepted to each conclusion of law, and filed a joint and separate motion for a new trial.

The errors assigned are that the court erred (1) in ·overruling a demurrer to the first paragraph of complaint, (2) in each of the conclusions· of law, and (3) in overruling the motion for a new trial. The appellants contend that the court erred in overruling their demurrers to the first paragraph of complaint, and in each of the conclusions of law, for the reason that the final settlement of the estates of Nathan and Mary Milhollin, and of the estate of said partnership are final judgments, determining and adjudicating all the claims mentioned in the complaint and award, and that there were and could be no disputes and controversies arising out of such estates and partnership to arbitrate so long as the judgments of the court settling said estates and partnership remained in force and effect.

This contention is an evasion of the real question presented by the record and cannot prevail. It is not necessary that a party should have a legal 1.    cause of action to authorize a submission and award and to bind the parties by the award. The difference of opinion between the parties upon the whole case, including the appellants' legal liability as well as the amount of the claims, might have been submitted to and determined by the arbitrator. To furnish a sufficient basis for entering into a submission no legal cause of action in favor of either party need exist. That there is a dispute, controversy, or honest difference of opinion between them

concerning any subject in which they are both interested is enough, nor indeed is it as necessary that they should have come to the actual point of dispute, for a matter simply in doubt may be submitted. It is sufficient to sustain the arbitration if the appellee's claim was made in good faith; that it was disputed by appellants, and that it was submitted to arbitration. *Downing* v. *Lee* (1903), 98 Mo. App. 604, 73 S. W. 721; *Findly* v. *Ray* (1857), 50 N. C. 125; Morse, Arbitration and Award 36.

The next contention is that the court erred in overruling appellants' separate motions for a new trial on the grounds that the facts as found by the court are not sustained by sufficient evidence and are contrary to law, and because of the alleged errors in the admission of certain evidence.

The first claim of appellants is that there is no evidence that Allie M. Beuoy ever agreed to submit the claims to arbitration; that the alleged

2-3. agreement to arbitrate was made by her husband, Charles Beuoy, and that he had no authority from her to make any such agreement. The appellants make no claim that a husband may not act as the agent of his wife, and as such bind her by an agreement to arbitrate. The only claim is that there was no evidence that the appellant Allie M. Beuoy authorized her husband to act as agent in said matter. The relation of agency between husband and wife is governed by the same rules which apply to other agencies. These rules and the authorities in support of them are set out in *Roper* v. *Cannel City Oil Co.* (1918), 68 Ind. App. 637, 121 N. E. 96. See, also, 13 R. C. L. 1167.

Charles and Allie M. Beuoy were married in 1892

or 1893, and ever since that time the husband has looked after and transacted all of his wife's business. He was one of the executors of Nathan Milhollin's estate, the administrator of Mary Milhollin's estate, took sole charge of litigation in which his wife was interested and, for a year or more prior to the date of the alleged arbitration, had represented his wife in several meetings with the appellee and Samuel where efforts were made to settle their conflicting claims, and a short time before the meeting with Jones, who made the award sued on, he met the appellee and Samuel at a time when it was proposed or agreed that one Maynard should settle their claims for them and, when the parties met with Maynard for that purpose, he was present to represent his wife. This attempt to settle the conflicting claims failed. The relationship between Charles Beuoy and appellee was somewhat strained—so much so that they did not deal directly with one another. After the meeting with Maynard, appellee made a proposition to his brother Samuel to submit their claims to either one of three lawyers who had represented them in certain litigation. Samuel notified Charles of William's proposal, and a short time thereafter Samuel informed William that they were willing to submit the matters in dispute to Dee R. Jones and, in accordance with an arrangement between William and Samuel, William was to see Jones and ascertain when he could hear the matter. This was done. William reported to his brother that Jones would hear them on a certain date. On the day fixed the two brothers and Charles Beuoy, representing his wife, met with Jones, and the parties stated their contending claims to him. Mr. Beuoy at the time said that he was representing his wife,

and he presented her claims against the appellee, and took a very active part in the general discussion relative to the claims of his wife and of William. In his talk and statement when they were giving their statements to Jones, he would refer to the claims of William as if they were claims against himself instead of against his wife, as is evidenced by such remarks as, "I don't think I am morally bound,"; "I am certain I am not legally bound." At times when they were going over their respective claims before Jones, Charles became quite emphatic in relation to what he thought about some of the items, and said he never would consent that he or his wife should pay more than a certain share of some claims, and possibly none of others. The parties met with Jones about ten o'clock a. m., talked their matters over with Jones until noon, adjourned and returned in the afternoon. It took about four hours to go over the matter with Jones. When they finished, Jones informed them that it would take him at least two weeks to decide the questions; that he had to look up some law and study the facts; that when he decided it, he would send each of them a copy of his decision, which he did. Mr. Beuoy on receiving the copy of the award was not satisfied with it. He informed his wife about the award and acquainted her with its contents. With the knowledge of his wife, he wrote to Jones criticizing the award, and sent Jones a check for their share of the costs. He received another letter from Jones, which he answered. Mrs. Beuoy was present when this letter was answered, and was kept informed as to the contents of the letters from Jones, and those which her husband wrote to Jones. She was present during the trial of this cause, but did not take any

part in the management of the defense or testify as witness. We are of the opinion that the evidence is sufficient to sustain the court in finding that Charles T. Beuoy had authority from his wife to enter into and make an agreement to arbitrate.

The contention of appellants that the findings of the court are contrary to law is based upon the theory that the disputes and controversies grew out of the final settlement of the Milhollin estates and the partnership of Nathan Milhollin and sons, and that these claims and controversies were barred by the judgments made and entered in the final settlement of said estates and partnership, and were for that reason not subject to arbitration. We held otherwise in ruling upon the demurrer to the complaint, and need not enter into a further discussion of that subject.

Appellants also contend that the court erred in allowing the award to be admitted in evidence, in permitting the arbitrator Jones to relate what 4-5. was said and done by himself and parties at the time of the hearing of the disputes and controversies, and in permitting Jones to testify what he charged the parties for his services as arbitrator. There was no error in the introduction of any of this evidence. The award was the foundation of the cause of action and was properly admitted in evidence. The appellants have pointed out no particular objections to the testimony of the witness Jones, and we see no objection to it. The same facts were proved without objection by three other witnesses. There was no error in overruling the motion for a new trial.

Judgment affirmed.

Nichols, J., not participating.