## McCoun *v.* Shipman.

[No. 10,550. Filed November 5, 1920. Rehearing denied March 29, 1921.]

1. BILLS AND NOTES.—*Promissory Note.—Action Before Agreed Time for Settlement.—Recovery of Attorney's Fees.*—Where plaintiff, after having agreed to make a settlement, started suit on notes before the time fixed for such settlement, she could not recover attorney's fees as called for in the notes, since the contract to recover attorney's fees is one of indemnity which is only effective in case of a breach on the part of the maker. p. 215.

2. APPEAL.—*Questions Presented.—Admissibility of Evidence.—Briefs.—Failure to Show Objection.*—No question as to the

admission of evidence is presented for determination on appeal where appellant's brief does not disclose the ground of objection. p. 215.

3. FRAUDS, STATUTE OF.—*Sales of Land.—Purchase-Money Notes.—Modification by Parol Agreement.*—Where a vendor of land took the purchaser's notes secured by mortgage, as part of the purchase price, the parties, by subsequent parol agreement, could modify the obligation represented by the notes, such obligation not constituting a contract for the sale of the land. p. 216.

4. FRAUDS, STATUTE OF.—*Sales of Land.—Purchase-Money Notes.—Modification of Parol Agreement.—Mortgage Security.* —The obligation represented by notes accepted by vendor as part of the purchase price of land could be modified by subsequent parol agreement between the parties, though the notes were secured by a mortgage on the land sold, since the mortgage is not the debt, but only an incident thereof, and is modified by such agreement to the same extent as the debt. p. 216.

5. VENDOR AND PURCHASER.—*Inspection of Real Estate by Purchaser.—Recovery for False Representations.*—Every purchaser of real estate who makes an inspection thereof pending negotiations for its purchase is not thereby, as a matter of law, precluded from a recovery for false representations as to the character and value of the land, the question usually being one of fact. p. 217.

6. COMPROMISE AND SETTLEMENT.—*Modification of Purchase-Money Notes.—Sufficiency of Consideration.—Surrender of Cause for Action.*—A surrender by a purchaser of realty of his right of action for vendor's misrepresentations as to the value and fertility of the land inducing him to make the purchase was a sufficient consideration for a parol agreement modifying the obligation represented by the purchase-money notes. p. 217.

7. HUSBAND AND WIFE.—*Husband Acting as Wife's Agent.— Authority to Make Compromise with Purchaser of Wife's Land.* —Where a husband, who had transacted all of his wife's business matters and acted generally as her business agent during their entire married life, negotiated a sale of land for her, he had authority, upon the purchaser threatening to sue for false representations as to the value and fertility of the land, to bind her by a parol contract of settlement modifying the obligation represented by notes given as part of the purchase price. p. 217.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by Jessie P. McCoun against Sylvanus D. Shipman. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Charles R. Hasely* and *Claycombe, Givan & Stump,* for appellant.

*J. W. Williams, E. M. Blessing* and *S. C. Kivett,* for appellee.

REMY, J.—Action by appellant upon two promissory notes dated January 10, 1913, each calling for $2,500, one of the notes to become due January 10, 1917, and the other January 10, 1919. The notes were given as part of the purchase price of certain real estate and were secured by mortgage. Appellee's answer admits the execution of the notes and mortgage, but pleads in avoidance that the sole consideration therefor was the sale and purchase of the mortgaged real estate described in the complaint; that appellant, the payee of the note, was guilty of fraud in the sale of the real estate and in procuring the notes and mortgage, in that she misrepresented the value and fertility of the real estate; that, after the execution of the notes and mortgage by appellee and after he had possession of the land, he learned of the fraud and threatened appellant with an action for damages. Thereupon, appellant's husband, who had conducted all negotiations of the sale, and who at the time was acting as appellant's agent, admitted that the representations as to the value and fertility of the soil were false, and orally agreed that, in consideration of appellee's not filing an action based upon the fraud, his wife would, in settlement of the notes and mortgage, accept in full settlement therefor the sum of $1,000 and interest in the sum of $50, which interest was at the time paid and accepted; that both parties to this suit acted upon such compromise settlement, and appellee, relying upon such settlement agree-

ment, made valuable improvements upon the land and in all things carried out his part of the agreement.

The court submitted the questions of fact as to the subsequent parol agreement to the jury which found in favor of appellee. The court, treating the verdict of the jury as advisory, found for appellee on his special answer and, on April 10, 1918, rendered judgment against appellee for $1,000 and costs. A motion by appellant for a new trial was overruled, and the correctness of this ruling presents the only question for our consideration.

It is first contended by appellant that the assessment of the amount of recovery is too small, because it does not include attorney's fees and interest at the rate called for by the notes. The amount of recovery having been fixed by the oral contract, and the action having been commenced before the time fixed for settlement, no attorney's fees could be recovered, for the reason that a contract to recover attorney's fees is a contract of indemnity which is only effective in case of a breach on the part of the maker. *St. Joseph County Sav. Bank* v. *Randall* (1906), 37 Ind. App. 402, 76 N. E. 1012. In as much as the oral contract provided that there should be no interest except the $50 which the evidence shows had been paid before the commencement of the action, and since the judgment was rendered before the time fixed for settlement, no inter-- est was collectable.

It is urged by appellant that the court erred in the admission of certain evidence. Appellant's brief does not disclose any ground of objection to the admission of the evidence of which complaint is made. Therefore no question is presented for the determination of this court. *Irvine* v. *Baxter Stove Co.* (1919), 70 Ind. App. 105, 123 N. E. 185.

A further contention of appellant is that the decision

of the trial court is contrary to law.   The first among
the reasons given is based upon the proposition
3.    that the obligation represented by the notes could
not have been modified by a subsequent parol
agreement.   The case of *Napier Iron Works* v. *Cald-
well, etc., Iron Works* (1915), 60 Ind. App. 317, 110 N.
E. 714, which is cited and relied upon by appellant to
support the proposition, is not in point.   In that case it
was held that the particular contract there under con-
sideration was within the statute of frauds and was of
such a character that it could not have been modified
by parol.   In the case at bar, the obligation represented
by the notes is not, as assumed by appellant, a contract
for the sale of lands.   The contract for the sale of the
real estate had been executed, and appellee under the
contract had been placed in possession of the real estate,
when the verbal agreement which affected only the notes
for the balance of the purchase money was entered into
by the parties.   The obligation represented by the notes
might have rested in parol as well as in writing, and was,
before breach, subject to modification by parol agree-
ment of the parties.   *Rigsbee* v. *Bowler* (1861), 17 Ind.
167; *Loomis* v. *Donovan* (1861), 17 Ind. 198; *Rhodes* v.
*Thomas* (1851), 2 Ind. 638; cases cited in note, *Harris*
v. *Murphy* (1896), 119 N. C. 34, 56 Am. St. 662;
*Hubbell* v. *Ream* (1871), 31 Iowa 289; *Grace* v. *Lynch*
(1891), 80 Wis. 166, 49 N. W. 751.   See also, *Nona-
maker* v. *Amos* (1905), 73 Ohio St. 163, 76 N. E. 949,
112 Am. St. 708, 4 L. R. A. (N. S.) 980; 2 Page, Con-
tracts §1348; 3 Elliott, Contracts §1988; 6 R. C. L. 914.

If it be said that the mortgage given by appellee
4.    to secure the notes sued on was of necessity in
writing, the answer is that the mortgage is not
the debt, but only an incident thereof; and if the debt
was modified, the mortgage must be held to have been
modified to the same extent.   *Tennant* v. *Hulet* (1917),

65 Ind. App. 24, 116 N. E. 748; *Gabbert* v. *Schwartz* (1880), 69 Ind. 450.

It is the theory of appellant, that in as much as appellee, before purchasing the real estate covered by the mortgage in suit, went upon the real estate and inspected it, he could not thereafter claim that he relied upon, and was misled by, the representations of appellant; and that, therefore, the oral agreement to modify the obligation represented by the notes was without consideration. It is not the law, as assumed by appellant, that every vendee who makes an inspection of real estate pending negotiations for its purchase is thereby, as a matter of law, precluded from a recovery by him for false representations as to the character and value of such real estate. Whether he is so precluded is usually a question of fact. *Zimmerman* v. *Burchard-Hulburt, etc., Co.* (1910), 111 Minn. 17, 126 N. W. 282; *Rudolphi* v. *Wright* (1913), 124 Minn. 24, 144 N. W. 430; *Stonemets* v. *Head* (1913), 248 Mo. 243, 154 S. W. 108; *Ford* v. *Sims* (Tex. Civ. App.) (1917), 190 S. W. 1165. See also *Firebaugh* v. *Trough* (1914), 57 Ind. App. 421, 107 N. E. 301.

No good purpose would be served in setting out the evidence. It is sufficient to say that, under the evidence as disclosed by the record, the question of fraud was one of fact which it was the right of appellee to have had submitted in the trial of an action for damages. The surrender by appellee of his right of action was sufficient consideration for the parol agreement to modify the obligation represented by the promissory notes.

As to the authority of appellant's husband to make the parol agreement, the evidence discloses that throughout their married life appellant's husband had, with her knowledge and consent, "transacted all of her business matters," and "had acted gen-

erally as her business agent," and with her knowledge and consent was so acting at the time appellee claims that the obligation represented by the purchase-money notes and mortgage was modified by the parol agreement. There was, therefore, evidence to sustain the finding of the trial court that appellant's husband had authority to bind her by the oral contract of settlement. See *Milhollin* v. *Milhollin* (1919), 71 Ind. App. 477, 125 N. E. 217.

The decision of the trial court is sustained by the evidence. Affirmed.

Enloe, P. J., not participating.