## JAMES A. CAFFERTY v. MAX KLATT.[1]

November 26, 1920.

No. 21,997.

**Rescission of sale — question for jury — verdict sustained.**

1. Evidence in an action to rescind an executory contract for the sale of personal property, considered and *held* sufficient to justify the submission of the question of fraud to the jury, and to support the verdict.

**Sale — executory contract for sale of property of particular quality.**

2. The bargain constituted an executory contract for the sale of personal property of a particular quality. Under such a contract, when possession is tendered, the purchaser may refuse to accept, if it be not substantially as represented in the contract, and recover the money paid.

**Charge to jury — rulings on evidence.**

3. We find no reversible error in the instructions nor in the rulings upon the admission of testimony.

Action in the district court for McLeod county to rescind a contract and to recover $360. The facts are stated in the opinion. The case was tried before Daly, J., of the Twelfth judicial district, acting in the place of Tifft, J., and a jury which returned a verdict for $371.85. From an

[1] Reported in 179 N. W. 1002.

order denying his motion for a new trial, defendant appealed.    Affirmed.

*William O. McNelly,* for appellant.

*Sam G. Anderson,* for respondent.

QUINN, J.

This is an action to rescind a contract by which the plaintiff purchased from the defendant a pair of horses, and to recover $360, the purchase price paid therefor.  The ground upon which such rescission is sought is that, to induce the plaintiff to purchase the team, the defendant made to plaintiff certain false representations as to the age and soundness of the horses, relying upon which he made the purchase, and that by reason of the falsity of such representations the team was of much less value than he had a right to believe and did believe it to be from such representations.  The cause was tried to a jury and a verdict returned in favor of plaintiff.  From an order denying his motion for a new trial, defendant appealed.

In May, 1919, plaintiff went to the defendant's place to look at a team of horses, with the idea of buying them.  The team, together with other horses and some cattle, were running loose in a barnyard.  The plaintiff looked the horses in question over in a somewhat cursory manner as they moved about the yard.  He testified that during the negotiations he asked the defendant whether the team were sound in every way, and that the defendant replied that "he would guarantee them to be sound in every way without a blemish; * * * that they are absolutely sound."  The defendant testified that he raised the team; that they were six years of age; that plaintiff asked him if there were any blemishes on them and that he replied: "Not what I know of."  Other witnesses corroborated the plaintiff's testimony.  The plaintiff further testified that, believing and relying upon said representations so made by the defendant as to the age and soundness of the team, he agreed to take them at $360, and paid the defendant $10 down on the bargain, and was to have possession of the horses on the following day and to pay the balance of the purchase price.  Accordingly plaintiff went to defendant's place to get the horses.  He first bought a set of harness from defendant for use upon the team.  The defendant insisted upon his pay for the horses before going to the barn to harness them.  Plaintiff then

paid him the balance of the purchase price and they went to the barn where the horses were standing on a solid floor. The plaintiff at once discovered that one of them had a ringbone and so informed the defendant. Plaintiff refused to take the team and demanded a return of the money he had paid defendant therefor. The defendant refused to return the money.

We agree with the learned trial court, that the testimony justified the submission of the issue of fraud to the jury and it supports the verdict. Assuming, as the jury apparently found, that the false representations were made and were such as the plaintiff, if he believed them, had a right to rely and act upon, there is little or no question of law involved. Where one making a purchase does not get substantially what, from the false representations of the seller, he had a right to believe and did believe he was purchasing, he may have a rescission. Martin v. Hill, 41 Minn. 337, 43 N. W. 337. The bargain constituted an executory contract for the sale of personal property of a particular quality. Under such a contract when the possession of the property is tendered, the purchaser may refuse to accept, if it be not substantially as represented in the contract, and recover back the money paid therefor. Knoblauch v. Kronschnabel, 18 Minn. 272 (300). Evidence was properly admitted as to the nature and effect of a ringbone upon one of the animals, how it affected its value and usefulness, as bearing upon the proposition whether the purchaser was tendered the kind of a team which he had a right to believe and did believe it to be from the representations made. We find no reversible error in the instructions to the jury, nor in the rulings upon the admission of testimony.

Affirmed.