ABE I. GOLDFINE AND OTHERS v. J. E. JOHNSON.[1]

November 1, 1940.

No. 32,380.

[1]Reported in 294 N. W. 459.

450

*McCoy & Hansen,* for appellant.
*Benjamin W. Pass,* for respondents.

STONE, JUSTICE.

The verdict was for defendant. On motion of plaintiffs for a new trial or judgment notwithstanding the verdict, judgment was ordered for plaintiffs. Defendant appeals.

October 3, 1938, plaintiffs sold and delivered to defendant a farm tractor on conditional sales contract. On the same day defendant, after using the tractor for some few minutes, discovered defects therein and sought to return it, rescinding the sale and demanding a return of his down payment of money and used machinery. Plaintiffs refused the return, and later, upon defendant's refusal to pay the balance of the purchase price, brought this action therefor. Defendant counterclaimed, alleging fraud in the sale and asking that the sale be rescinded and his down payment returned. The jury found for defendant on this counterclaim.

■ Defendant supported his claim of fraud by testimony that before the sale, referring to the tractor, one of the plaintiffs had said: "That is just what you want. The tractor was in good shape. I could take it out and go to work." Apparently defendant's only inspection before the sale was by way of casual observation and short test runs of a few feet on plaintiffs' sales floor "just to hear the motor." After the sale was completed, defendant took the tractor on a truck to his farm, drove it a few hundred

feet, and discovered the several defects upon which he relies. His testimony is uncontradicted that the idler shaft was broken and several bearings and other parts missing, broken, or badly worn.

On the other side of the issue of fraud is the fact that defendant is an experienced mechanic and familiar with the workings and repair of tractors; that he made only a limited test and inspection before the sale but was never denied a more extensive examination. Further, he knew he was buying a used tractor. Certainly, he must be taken to have assumed more risk than had he been purchasing a new machine.

The contract was that defendant should take the tractor "as it is." Thereby the question of warranty is ruled out. Defendant places sole reliance upon his allegation of fraud.

If the representations in question were false, as they have been found to be by the jury, they were fraudulent. The important question is whether defendant properly relied upon the representations. Defendant says that he did so rely. It is not necessary that he show that the representations would have deceived the average, reasonable man.

The parties had been well acquainted and had done business together for a long time. In such a situation, while defendant is an experienced tractor and motor mechanic, there is nothing upon which we can rule, as a matter of law, that he did not properly rely upon plaintiffs' representations as to the condition of the tractor. His very confidence in plaintiffs may have been the thing which prevented his making before the sale enough of an inspection and test of the machine to show its condition. Fraud, in such cases, has too much of a habit in so acting as to prevent investigation by the victim until after the deal is closed.

As between friends, deceit is easily perpetrated when one suddenly and without warning turns on the other with the weapon of misrepresentation. There, if ever, it does not lie

in the mouth of the wrongdoer to say that the victim was careless in trusting him. Gaetke v. Ebarr Co. Inc. 195 Minn. 393, 400, 263 N. W. 448; 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 3822.

■ It is contended that defendant's meager inspection before the sale precludes a showing of his reliance. True, the general rule is that a purchaser cannot undertake an independent investigation, rely upon the information thereby obtained, and later successfully assert that he was misled. An independent investigation, without more, may suggest but does not establish nonreliance. It is enough if the representations were a substantial and material inducement to the purchase. The question of reliance is ordinarily for the jury. Moulton v. Norton, 184 Minn. 343, 345, 238 N. W. 686; Woodward v. Western C. C. Co. 134 Minn. 8, 158 N. W. 706, L. R. A. 1917C, 270; 3 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 3821.

■ An order for judgment notwithstanding can be sustained only where there is no evidence reasonably tending to support the verdict, where the evidence in support of the verdict is wholly incredible and unworthy of belief, or so conclusively overcome by other uncontradicted evidence as to leave nothing upon which the verdict can stand. That view of the evidence most favorable to the verdict must prevail. Kingsley v. Alden, 193 Minn. 503, 259 N. W. 7; Thom v. N. P. Ry. Co. 190 Minn. 622, 252 N. W. 660; 3 Dunnell, Minn. Dig. (2 ed. & Supps.) § 5082. In this record there is sufficient evidence in support of the verdict to sustain it as against a motion for judgment notwithstanding. National Equipment Corp. v. Volden, 190 Minn. 596, 252 N. W. 444, rehearing denied, 190 Minn. 601, 252 N. W. 835; Osborn v. Will, 183 Minn. 205, 236 N. W. 197; Cafferty v. Klatt, 147 Minn. 245, 179 N. W. 1002; Woodward v. Western C. C. Co. 134 Minn. 8, 158 N. W. 706.

Order reversed.