# MYRTLE A. GABLE v. NILES HOLDING COMPANY AND OTHERS.[1]

February 28, 1941.

No. 32,622.

*D. J. Shama,* for appellant.

*Russell Smith,* for respondents.

LORING, JUSTICE.

This case comes here on appeal from a judgment for the defendant entered on the pleadings.

[1]Reported in 296 N. W. 525.

The plaintiff was the owner of a bungalow in the Riverview Addition to the city of Minneapolis, and the Niles Holding Company was the owner of a fourplex in the University Addition to that city. Plaintiff was a widow with no business training or experience and unfamiliar with real estate values and transactions. Her bungalow was alleged to be reasonably worth $4,000. The defendants White Investment Company and Frank H. Pearce were acting as agents for the sale of the fourplex and induced the plaintiff to purchase it under a contract for deed dated August 1, 1938, calling for a consideration of $13,000.02 and as a down payment on the contract took the plaintiff's bungalow and gave her credit for the sum of $3,416.62, which was the agreed value of the bungalow after deducting the encumbrance against it. The contract called for the payment of $200 per month plus the taxes on the property, commencing the first day of September, 1938. The plaintiff defaulted on the November payment, and the defendant holding company commenced cancellation proceedings on the 1st of February, 1939. The plaintiff was unable to relieve herself of the default, and the cancellation proceedings were concluded March 3, 1939, and the plaintiff evicted from the premises. The plaintiff brought this action to recover the value of her equity in the bungalow, alleged to be worth $3,500, on the theory of unjust enrichment on the ground that the defendants had practiced fraud and deceit upon her in inducing her to enter into the contract of purchase. She alleged in her complaint that the defendants misrepresented the value of the fourplex, that it cost $16,000 to construct and was reasonably worth approximately that amount or at least the sum of $13,000, and that she could obtain a loan of $7,500 thereon in order to carry the property.

The property was rented for $165 per month and the annual taxes thereon amounted to $491.72. The plaintiff had an income from her work of only $80 per month. She further alleges that the defendants were well aware of the limits of her income but maliciously represented to her that she would be able to carry out the contract and make the monthly payments thereon in addition

to the taxes. The complaint contains allegations that the misrepresentations were made for the purpose of defrauding the plaintiff of her bungalow and to enrich the defendants and with the knowledge that plaintiff was a person of limited experience and totally unfitted to deal with business problems; that she reposed faith and confidence in the defendants, relied upon their representations, and conveyed her equity in the bungalow to them as a down payment; and that thereby the defendants have been unjustly enriched at her expense to the extent of the value of the property, namely, $3,500.

■ The only question involved on this appeal is whether there are sufficient allegations of fraud to make an issue for trial. The case is not like Olson v. N. P. Ry. Co. 126 Minn. 229, 148 N. W. 67, L. R. A. 1915F, 962, where it was held that the complaint did not state a cause of action for money had and received, but in that respect is like Woodward v. Western Canada Colonization Co. 134 Minn. 8, 158 N. W. 706, L. R. A. 1917C, 270, where a contract for the purchase of a farm was entered into upon alleged false representations and the vendee was allowed to recover the down payments which he had made before the discovery of the fraud, the necessary element in such cases being that such fraud was practiced upon the vendee that he would have been entitled to rescind. Relief was granted upon the theory of unjust enrichment for money had and received.

■ This brings us squarely to the point of the sufficiency of the allegations in this complaint to establish fraud which would have justified rescission. Taking the pleading by its four corners, it in effect charges a plan to defraud the plaintiff of her bungalow by inducing her to purchase the fourplex under a contract which the defendants well knew she must shortly default upon and by the terms of which she would lose the bungalow upon such default, and they would, upon cancellation of the contract to convey, get title to both properties. There were added allegations of fraud with relation to values and of a false representation that she could obtain a mortgage for $7,500 from the Minneapolis Savings &

Loan Association. While it was a simple matter of arithmetic to determine that she would not be able to pay the $200 a month out of the rents and her other income and have anything left to live upon, and while of course, as said by this court, speaking through Mr. Justice Mitchell, in Perkins v. Trinka, 30 Minn. 241, 242, 15 N. W. 115, as long as plaintiff possessed the legal capacity to make a contract, the mere matter of disparity of intelligence and business experience is not of itself a sufficient ground for relief, yet the law does not ignore such disparity as is here alleged nor does it protect positive, intentional fraud successfully practiced upon the simple-minded or unwary. Maxfield v. Schwartz, 45 Minn. 150, 151, 47 N. W. 448, 10 L. R. A. 606. In the case at bar it is alleged that this disparity of intelligence and experience plus the confidence which the plaintiff had in the defendants made her an easy victim of the alleged fraudulent scheme, and the representations of value under such circumstances may be regarded by the court as representations of fact and not mere expressions of opinion. Adan v. Steinbrecher, 116 Minn. 174, 133 N. W. 477. There is also the allegation with regard to the loan from the savings and loan association, which we regard, under the circumstances alleged, as a definite, material representation of fact. In Adan v. Steinbrecher, *supra,* the plaintiff was allowed to recover a substantial verdict for fraud where it was shown that he was a gullible, inexperienced young man and the defendant grossly overreached him by misrepresentation of the value of the property the plaintiff purchased.

The rule that representations as to the value of property are dealers' talk not rising to the dignity of an assertion of fact is founded upon the theory that the parties are dealing at arm's-length and that each has an equal opportunity of ascertaining the true value. But where it is reasonably clear that because of the relations of the parties and the peculiar circumstances of the case a false representation as to value and a reliance thereon has produced a palpable fraud, the strict rule yields to the justice of the case and resolves the representation into one of fact. Adan v.

Steinbrecher, 116 Minn. 174, 133 N. W. 477. The allegations in the complaint state that the parties are not dealing at arm's-length but that through their previous business relations as landlord and tenant the defendants had built up in the plaintiff a confidence in their honesty and reliability as well as in their judgment as to values. It was alleged that by these representations, including the assertion that she could obtain the $7,500 mortgage, she was maliciously led into an improvident contract for the purpose of defrauding her of her property, the value of which she now seeks to recover. Under such circumstances, if the plaintiff can prove the truth of the allegations of her complaint, it would, as said by this court, speaking through Mr. Justice Olson, in Gaetke v. The Ebarr Co. Inc. 195 Minn. 393, 399, 263 N. W. 448, 451, "be a sad reflection upon the law" if this plaintiff were not permitted to recover the value of her former home.

The judgment of the lower court is reversed.