William A. BOYD, et al., Appellants,

v.

DeGARDNER REALTY & CONSTRUCTION, et al., Respondents.

No. C9–85–2235.

Court of Appeals of Minnesota.

July 29, 1986.

Review Denied Sept. 24, 1986.

Donald G. Clapp, St. Paul, for appellants.

William A. Sandry, Wayzata, Brent Sjodin, St. Paul, for respondents.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

Appellants sued the Grathens and DeGardner Realty for fraud in the sale of appellants' home. The Grathens, potential purchasers, signed a purchase agreement to buy the Boyds' home. Patrick White, DeGardner Realty's employee, was Grathens' real estate agent at the time of the transaction. The Boyds claim White committed fraud by inducing them to sign a purchase agreement with the Grathens. The purchase agreement contained a mortgage contingency clause. Although the Boyds did not want a contingency clause in the purchase agreement, they signed the agreement. At trial they claimed White defrauded them into believing striking the clause was unnecessary since the Grathens had a financing commitment. The Grathens did not have a financing commitment.

The Grathens were dismissed from this suit by consent and the case went forward against DeGardner Realty. Following a court trial, the court found for DeGardner that White had made certain representations but that appellants had not been induced to sign by the representations nor relied on those representations. The trial court denied appellants' motions for amended findings or a new trial, and appellants appealed.

## FACTS

In 1978 appellants listed their home for sale through the Niemiec and Burrow, Inc., Agency. On February 9, 1979, the Grathens signed a purchase agreement with appellants through the Grathens' real estate agent, Patrick White, a part-time employee of DeGardner Realty. White also worked part-time for Murphy Trucking. Mr. Grathen was a full-time employee of Murphy, and managed the Murphy terminal where Mr. Grathen was employed.

Some modifications, not at issue on this appeal, were made in the purchase agreement. One of these modifications was an advance of the closing date to May 15, 1979. Appellants began building their new home after the purchase agreement was signed in February 9, 1979, after receiving interim financing.

The purchase agreement contained a contingency clause making the deal contingent on the Grathens obtaining financing at a stated interest rate. Appellants were reluctant to sign the purchase agreement with a contingency clause and told White that they wanted to be sure their old house was sold before they signed legal documents committing them to borrow money and build a new one.

Appellants claim White represented to them that the Grathens had obtained financing at the stated rate through Knutson Mortgage and would have no problem closing the deal to buy appellant's home. They claim that, in reliance on White's specific representation, they were induced to sign the agreement containing the contingency clause. They did not strike the contingency clause on the purchase agreement because White told them it was unnecessary to do so because the clause was only a formality since the Grathens had a firm commitment for financing.

Appellants also claim they relied on White's representation that the Grathens had financing when they began construction on their new home following signing

the purchase agreement. When the Grathens were unable to obtain financing, they took advantage of the mortgage contingency clause and did not close. The Grathens tried to extend the closing date. However, the Boyds refused, claimed a default on the purchase agreement, kept DeGardner's earnest money, and put their home back on the market. Later they sold the house to another purchaser at a lower price than Grathens had contracted to pay.

## ISSUES

1. Did the evidence support the trial court's finding that White did not commit fraud?

2. Did White owe appellants a fiduciary duty?

## ANALYSIS

### I.

*Sufficiency of the Evidence*

■ Our review in this case is limited to determining whether the findings are clearly erroneous, giving "due regard * * * to the opportunity of the trial court to judge the credibility of the witnesses." Minn.R. Civ.P. 52.01.

"Fraud must be proved by clear and convincing evidence, especially where a party seeks to avoid the effects of a written instrument." *Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 203, 175 N.W.2d 184, 187 (1970). The trial court found that White had represented that the Grathens had a mortgage commitment from Knutson Mortgage Company. It found, however, that the Boyds did not rely on this representation, and cited as evidence the fact that the Boyds accepted and executed the purchase agreement containing the mortgage contingency clause. The court also found the Boyds were not induced to enter the purchase agreement by White's representation. Reliance and inducement are two elements necessary to prove fraud. *Id.* at 202, 175 N.W.2d at 187.

Appellants argue that they were entitled to rely on White's representation that the Grathens had obtained financing and could go through with the purchase. Appellants

argue that this reliance caused them to leave the contingency clause in the purchase agreement as they claim White represented to them that the Grathens had a mortgage commitment, and thus it was unnecessary to delete the contingency clause. Appellants entered into evidence respondents' letter to their attorney. The letter stated that White had received an oral commitment to finance from Knutson Mortgage Company. They also argue that White made the statement with intent to induce reliance, and with knowledge that appellants did not want a contingent agreement. Appellants also imply that improper dealings may have occurred, noting that Mr. Grathen is the supervisor for Mr. White's other employer, Murphy Trucking.

Respondents deny that White made the representation. Respondents argue that appellants' statements are conclusory and not supported by the evidence presented at trial. Respondents also point to case law holding that where an oral representation completely contradicts a written contract provision, reliance on the oral representation is unjustifiable as a matter of law. *Johnson Building Co. v. River Bluff Development Co.*, 374 N.W.2d 187, 194 (Minn. Ct.App.1985), *pet. for rev. denied* (Minn. Nov. 18, 1985).

The trial court concluded that, although White had made the representations, appellants were not induced by the statements and did not rely on them. The court made a finding that the appellants signed the purchase agreement with the contingency clause in it after White made the representations. The court concluded that because appellants did not rely on Mr. White's representation, the truth or falsity of the representations was irrelevant.

The trial court's findings should not be set aside if reasonably supported by evidence in the record considered as a whole. *Hubbard v. United Press International, Inc.*, 330 N.W.2d 428, 441 (Minn.1983). We hold that evidence reasonably supports the trial court's conclusion that appellants did not rely on White's representations. We agree with the trial court that signing the

purchase agreement was sufficient evidence that appellants did not rely on White's representations.

## II.

*Fiduciary Duty*

■ Respondents argue that the issue of whether White owed appellants a fiduciary duty is barred from appellate review because appellants did not raise the issue in their post-trial motions. Appellants timely appealed from both the judgment entered following the trial and from the order denying appellants' post-trial motions.

The trial court found, "[t]here is evidence from which the conclusion could be reached that the defendant Patrick K. White was acting as an agent for both the buyers and sellers." However, the court made no findings on whether White owed appellants a fiduciary duty or breached a fiduciary duty.

Appellants did not raise in their pleadings breach of fiduciary duty as a cause of action. Moreover appellants' post-trial motion does not raise the issue of breach of fiduciary duty. The fiduciary duty issue framed in appellants' trial memorandum states that White became appellants' agent once they signed the listing agreement.

Since the issue was neither raised in the pleadings nor in post-trial motions, nor decided by the trial court, it is not properly before this court and we decline to review it on appeal.

## DECISION

The trial court's finding of no reliance and thus no actionable fraud was supported by the evidence.

Affirmed.

RANDALL, J., dissents.

RANDALL, Judge, dissenting.

I respectfully dissent from the majority opinion and would hold that appellants proved fraud by clear and convincing evidence. The elements of fraudulent misrepresentation are:

(1) There must be a representation.

(2) That representations must be false.

(3) It must have to do with a past or present fact.

(4) That fact must be material.

(5) It must be susceptible of knowledge.

(6) The representer must know it to be false or, in the alternative, must assert it as of his own knowledge without knowing whether it is true or false.

(7) The representer must intend to have the other person induced to act or justified in acting upon it.

(8) That person must be so induced to act or so justified in acting.

(9) That person's action must be in reliance upon the representation.

(10) That person must suffer damage.

(11) That damage must be attributable to the misrepresentation, that is, the statement must be the proximate cause of the injury.

*Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 202–3, 175 N.W.2d 184, 187 (1970).

The key dispute between the parties was whether or not respondent White told appellants that the Grathens had obtained a financing commitment from Knutson Mortgage, and thus, would be able to close the deal to buy appellants' home. The case was tried on this issue. Respondents denied that White had made such a misrepresentation, and appellants claimed that he had made it. On this issue, as the majority acknowledges, the court found in appellants' favor and found specifically that White had, in fact, represented to the appellants that the Grathens had a financing commitment.

Finding # 5 states as follows:

Before the purchase agreement was signed, defendant Patrick K. White represented to the plaintiffs that he had received a commitment from the Knutson Mortgage Company relative to the Grathens' ability to borrow money at Knutson, as well as the amount thereof and the interest rate.

This finding of the court is acknowledged and agreed upon by both the majority and this dissent. Where we differ is finding # 6 where the trial court found that, al-

though the representation had been made, the Boyds did not rely upon it:

Plaintiffs did not rely on these representations as evidenced by the fact that they accepted and executed the purchase agreement with the following contingency clause in it: "In the event the buyer cannot acquire the above mortgage, this purchase agreement shall become null and void, and all earnest money shall be returned to buyer."

I cannot accept finding # 6 of no reliance, even though I acknowledge the deference that must be given to a finding of fact made by a judge trying a case without a jury. *Hubbs v. Leach*, 355 N.W.2d 470, 473 (Minn.Ct.App.1984). Once finding # 5 was made, finding # 6 is simply not supported by logic nor the evidence.

Appellants testified specifically that White told them that, since Grathens had a firm commitment for financing, the contingency clause was of no effect, could be disregarded, and the deal would now go through. Since the majority in the recitation of the facts admits that appellants were reluctant to sign the purchase agreement with the contingency clause, the only reasonable conclusion after finding that White made the false representation of financing is that appellants did not bother to strike the contingency clause based on their reliance on what White told them. If they did not so rely, they would have struck the clause or had the purchase agreement rewritten without it.

Once the trial court made the key finding of fact that White misrepresented to appellants that Grathens had a firm commitment for financing and could now afford their house, all the elements of *Red Owl* fall into place. That representation was false; it had to do with the past or present known fact; it obviously was material and susceptible of knowledge; White knew it to be false and obviously wanted appellants to act on it, i.e. sign the purchase agreement; appellants were induced to sign the purchase agreement, and did, in fact, suffer monetary damages because of that misrepresentation.

White found it necessary to *persuade* appellants to sign the agreement with the clause intact by telling them the clause was of no importance since the Grathens had financing. Appellants were harmed by White's misrepresentations. In reliance on White's representation that the Grathens had financing, appellants took out an interim loan to begin construction on their new home. They incurred interest, utility, and other out-of-pocket expenses while they attempted to mitigate their damages by placing both their old and new homes on the market. When the Grathen deal fell through, appellants were eventually forced to sell their home for $2,500 less than the Grathens had offered.

Appellants, as laymen, reasonably relied on White's misrepresentation that Grathens had a firm commitment for financing and thus the contingency clause was of no effect and could be left in the purchase agreement. Due to their reliance on that false representation, they suffered monetary damages.

I respectfully dissent and would have reversed.