**Karen TAYLOR, Respondent,**

v.

**James D. SHEEHAN, Appellant.**

**No. C9–88–1259.**

Court of Appeals of Minnesota.

Feb. 7, 1989.

Review Denied April 24, 1989.

Daniel J. Boivin, Meshbesher, Singer & Spence, Minneapolis, for respondent.

Robert A. Brunig, O'Connor & Hannan, Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and NIERENGARTEN and LESLIE,* JJ.

## OPINION

. NIERENGARTEN, Judge.

Three weeks after signing a contract to purchase appellant James Sheehan's auto parts telemarketing business, the respondent, Karen Taylor, notified Sheehan of her intention to rescind the contract on the grounds of fraud and substantial failure of consideration. Taylor sued for a judicial declaration of the rescission, and Sheehan counterclaimed for the balance of the purchase price and for amounts due under a lease. Taylor was allowed to amend her reply to the counterclaim to conform to the evidence received at trial. The trial court determined there had been fraud, ordered the contract rescinded and denied the counterclaim. Sheehan's motions for post-trial relief were denied and Sheehan appeals. We reverse.

## FACTS

James Sheehan started an auto parts telemarketing business, Dealers Warehouse, in 1982. In 1984 he listed Dealers Warehouse with VR Business Brokers for sale.

Karen Taylor made an offer to purchase on October 2, 1984, subject to several contingencies, including proof that the business would generate certain minimum gross sales and profits. In describing the business, Sheehan told Taylor that Dealers Warehouse had about 300 accounts, and that about 100 of those accounts were "established accounts that were buying from it constantly." Taylor had her accountant review the Dealers Warehouse books to verify its sales record. After learning of Taylor's background in telemarketing, Sheehan agreed she should not have any problems running the business.

The parties closed the sale on Friday October 31, 1984 for $50,000, of which Tay-

lor paid Sheehan $25,000 and executed a promissory note, secured by the assets of the business, for the remaining $25,000. Taylor also assumed Sheehan's obligation on the lease for the building. Sheehan agreed to train Taylor during the first couple of weeks, and agreed not to compete thereafter with the business within a certain radius and for a specified period of time.

Taylor began work the following Monday, November 3. When Taylor asked Sheehan to "introduce her to the accounts," Sheehan refused, saying Taylor had to "call to get [her] own accounts." Sheehan explained that "there were no accounts that constantly bought auto parts from Dealers Warehouse and that each account had to be 'cold called' to obtain an order."

On November 21 Taylor notified Sheehan in writing that she was rescinding the agreement on the grounds that Sheehan had induced her to enter into the contract by fraud and that there had been a "substantial failure of consideration." Taylor relinquished control of the business, and Sheehan subsequently retook possession.

The trial court concluded that false representations regarding the kind and number of accounts handled by Dealers Warehouse had been made to induce Taylor to purchase the business, and that Taylor relied on those misrepresentations and was damaged, thus entitling her to rescission.

## ISSUES

1. Did the trial court err in applying the "fair preponderance of the evidence" standard for proof of fraud?

2. Did the trial court err in finding that respondent was deceived and induced to act upon appellant's misrepresentations to her detriment?

3. Did the trial court abuse its discretion by allowing the respondent to amend her reply to appellant's counterclaim to include the affirmative defense of fraud, even though the appellant's objections to

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

proof of any fraud which had not been pleaded were sustained by the court?

## ANALYSIS

### I. *Standard of Proof*

■ Sheehan argues that "[f]raud must be proved by clear and convincing evidence, especially where a party seeks to avoid the effects of a written instrument." *See Weise v. Red Owl Stores, Inc.*, 286 Minn. 199, 203, 175 N.W.2d 184, 187 (1970) (citing *Nelson v. Berkner*, 139 Minn. 301, 166 N.W. 347 (1918)).

The trial court, noting inconsistencies in prior judicial decisions regarding the burden of proof required in fraud cases, concluded in accordance with *Martin v. Guarantee Reserve Life Insurance Co.*, 279 Minn. 129, 155 N.W.2d 744 (1968) and *Sievert v. LaMarca*, 367 N.W.2d 580 (Minn.Ct. App.1985), *pet. for rev. denied* (Minn. July 17, 1985) that the fair preponderance of the evidence standard was the proper standard in this rescission action.

We disagree and choose to follow *Weise*, which this court also cited in *Boyd v. De-Gardner Realty & Construction*, 390 N.W.2d 902 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Sept. 24, 1986).

### II. *Findings of Fact*

■ The trial court's finding that Taylor was fraudulently induced to make the purchase of Dealers Warehouse must not be set aside unless it is clearly erroneous. *See Tonka Tours, Inc. v. Chadima*, 372 N.W.2d 723, 726 (Minn.1985). We find the trial court erred.

Eleven elements must be proved in order to establish a cause of action for fraudulent misrepresentation. *See Davis v. Re-Trac Manufacturing Corp.*, 276 Minn. 116, 117, 149 N.W.2d 37, 38–39 (1967). Sheehan alleges there is no substantial evidence to support the findings of falsity in Sheehan's statement to Taylor concerning the quantity and quality of accounts, Taylor's reliance or damage to Taylor. We agree.

There is no evidence that the "established accounts" to which Sheehan referred meant customers that would continue to make purchases without the seller's initial call. The accounts contained repeated purchases from Dealers Warehouse. However, neither the selection of auto parts nor the frequency of the purchases was guaranteed.

In addition, Taylor's accountant went over the Dealers Warehouse books before Taylor purchased the business. The records indicated the names and number of accounts carried by Dealers Warehouse, as well as the frequency with which the customers made payments. "[T]he general rule is that a purchaser cannot undertake an independent investigation, rely upon the information thereby obtained, and later successfully assert that he was misled." *Goldfine v. Johnson*, 208 Minn. 449, 452, 294 N.W. 459, 460 (1940). Although courts have found an exception to this rule in cases where the plaintiff made only a partial or cursory investigation before purchase, *see City of Coon Rapids v. Suburban Engineering, Inc.*, 283 Minn. 151, 156–57, 167 N.W.2d 493, 496 (1969) and *Berryman v. Riegert*, 286 Minn. 270, 277–78, 175 N.W.2d 438, 443 (1970), we do not find the exception applies.

The evidence as a whole does not support rescission.

### III. *Amendment of Respondent's Reply*

■ Sheehan's final contention is that it was an abuse of the trial court's discretion to allow Taylor to amend her reply to Sheehan's counterclaim so as to include fraud among her affirmative defenses, even though Taylor never made a motion to amend.

Rule of Civil Procedure 15.02 permits amendments to conform to the evidence:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. * * * [F]ailure * * * to amend [the pleadings] does not affect the result of the trial of these issues.

However, Sheehan argues there was neither express nor implied consent of the

parties to try the issue of fraud as a defense to the counterclaim.

The trial court noted that:

[Respondent] in [her] claim of fraud set forth the elements of fraud and the circumstances surrounding those elements with particularity in [her] complaint. The [appellant] was put on notice of the defense of fraud and was not prejudiced because the elements were not set forth again in the reply.

The court was within its discretion in finding that the issue was litigated by consent and must therefore be treated in all respects as if it had been raised in the pleadings. *See Schumann v. McGinn*, 307 Minn. 446, 469, 240 N.W.2d 525, 538 (1976).

### DECISION

The trial court did not abuse its discretion in allowing Taylor to amend her reply to Sheehan's counterclaim.

The trial court erred in applying the "fair preponderance of the evidence" standard of proof of fraud in the main action to rescind a written contract. The court further erred in finding that Sheehan's misrepresentations substantially and materially induced Taylor to purchase Dealers Warehouse.

REVERSED.