(April 2, 1920.)

## W. J. BAIRD, Respondent, v. W. H. GIBBERD and B. F. WARDELL, B. F. OLDEN and A. C. WARDELL, Co-partners as B. F. WARDELL & CO., Appellants.

[189 Pac. 56.]

FRAUD — DAMAGES — ATTORNEY FEES — INSTRUCTIONS—AGENCY—FIND-INGS—WHEN NOT NECESSARY—FALSE REPRESENTATIONS—POSITIVE ASSERTIONS — RELIANCE UPON — WITNESSES — CORROBORATION — EXTENT AND EFFECT OF.

1. An instruction that "The jury may disregard entirely the testimony of any witness or witnesses whom they believe have wil-fully sworn falsely in respect to any material matter, unless such testimony is corroborated by testimony, facts or circumstances in evidence established to your satisfaction," does not inform the jury that such corroboration must be practically proof absolute or other-wise they must disregard the testimony of such witnesses.

2. The issue raised by denying the allegation that appellant "volunteered to show plaintiff around and assist him, *gratis* and as a friend, in finding a bargain in an irrigated farm, and in pro-tecting him against fraud and misrepresentation of every kind and character . . . . ; that he accepted the offer of the defendant, W. H. Gibberd, and gave to him his entire confidence, which the other defendants well knew . . . . ," is sufficient to justify an instruction as to the liability of an agent to his principal.

3. An action for fraud or deceit cannot be predicated upon the mere expression of an opinion when the facts are equally within the knowledge of both parties.

4. Attorney fees are not recoverable in a tort action based upon fraud.

5. Where a cause is tried to a jury without objection, error cannot be predicated on the fact that the action was in part one in equity and not in law, and hence should have been tried to that extent by the court, particularly when it appears from the judg-

ment that the court adopted the finding of the jury on the point in question.

6. One has a right to rely upon a statement of a material fact made as a positive assertion under circumstances from which it is fairly inferable that the parties making the statement knew that the former was relying expressly upon their representations. Under such circumstances the one to whom the representations are made is under no obligation to inquire into their truth or falsity.

7. When on such an issue the evidence is conflicting, it is not error for the court to deny a motion for nonsuit based upon the ground that the party defrauded had been given information which if pursued would have disclosed the real facts. The conflicting evidence makes a proper case for the jury, and the defendants' rights are adequately protected by an instruction that "Notice or knowledge such as would affect the *bona fide* character of a transaction does not mean that the party having notice or knowledge must have actual knowledge or notice, but it is sufficient if it is shown that he had reasonable means of knowledge; that is, that he had notice of such facts as would lead a reasonably prudent man to inquire further, which inquiry, if pursued fairly, would disclose facts which would affect the *bona fide* character of the transaction."

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action for damages. Judgment for plaintiff. *Affirmed as modified.*

J. B. Eldridge, E. G. Davis and Barber & Davison, for Appellants.

The court erred in instructing the jury that they might disregard entirely the testimony of any witness whom they believed had sworn falsely to any material fact, unless corroborated by testimony, facts or circumstances in evidence established to their satisfaction. The instruction says to the jury that such corroboration must be practically proof absolute, or otherwise they must disregard the testimony of the witness. (*Ames v. Thren,* 136 Ill. App. 568; Hughes on Instructions, sec. 218, and cases cited; *Gard v. Thompson,* 21 Ida. 485, 506, 123 Pac. 497; *State v. Musgrave,* 43 W. Va. 672,

28 S. E. 813; *Brown v. Hannibal & St. J. Ry. Co.,* 66 Mo. 588, 600; *Wastl v. Montana Union R. Co.,* 17 Mont. 213, 42 Pac. 772; *Minich v. People,* 8 Colo. 440, 452, 9 Pac. 4.)

The court erred in instruction No. 6, as to the liability of an agent to his principal. There was neither plea nor proof to support any theory of agency. (Hughes on Instructions, secs. 81, 93, 93a, 94, and cases cited; *Johnson v. Fraser,* 2 Ida. 404, 18 Pac. 48; *Gwin v. Gwin,* 5 Ida. 271, 48 Pac. 295; *Idaho Implement Co. v. Lambach,* 16 Ida. 497, 101 Pac. 951; *Gard v. Thompson, supra.*)

This instruction had a tendency to mislead the jury by intimating that the judge believed there was such agency, and is reversible error. (*Pennsylvania Canal Co. v. Harris,* 101 Pa. St. 80, 93; *State v. Cain,* 20 W. Va. 679; *Chicago, B. & Q. Ry. Co. v. Anderson,* 38 Neb. 112, 56 N. W. 794; *Galveston Land etc. Co. v. Levy,* 10 Tex. Civ. App. 104, 30 S. W. 504; *White v. Thomas,* 12 Ohio St. 312, 80 Am. Dec. 347; *Perot v. Cooper,* 17 Colo. 80, 31 Am. St. 258, 28 Pac. 391.)

The court erred in submitting plaintiff's second cause of action to the jury. (*Elder v. Idaho etc. Ry. Co.,* 26 Ida. 209, 213, 141 Pac. 982.) The court particularly erred in its ambiguity as to the measure of damages.

This instruction violates the rule which requires certainty, and is ground for reversal. (20 Cyc. 17, par. V, note 51, and cases cited; Blashfield on Instructions, sec. 67, and cases cited; 38 Cyc. 1602, par. "e," and cases cited.)

The second cause of action failed to state a cause of action which would, in any event, support a judgment, and the rendering of a judgment upon it is ground for reversal. (*Trueman v. St. Maries, etc.,* 21 Ida. 632, 123 Pac. 508.)

The court erred in submitting to the jury proof as to counsel fees unless the same were not plead. Attorneys' fees may in some cases be recovered as damages, but not unless plead specially. This doctrine applies to all classes of special damages. (*Sears v. Nahant,* 215 Mass. 234, Ann. Cas. 1914C, 1296, 102 N. E. 491; *Tucker v. Palmberg,* 28 Ida. 693, 155 Pac. 981; *Sommerville v. Ida. Irr. Co.,* 21 Ida. 546, 123 Pac. 302; *Lee v. Boise Dev. Co.,* 21 Ida. 461, 122 Pac. 851.)

The court should have sustained defendants' motion for nonsuit as to the first cause of action made at the conclusion of plaintiff's case, and renewed at the close of the taking of testimony, for the special reason that there is no conflict in the evidence. It was the court's duty to instruct the fact as proven. (*Neil v. Idaho, etc. R. R.*, 22 Ida. 74, 125 Pac. 331; *Lawrence v. Leathers,* 31 Ind. App. 414, 68 N. E. 179.)

"Whatever puts a party on inquiry is sufficient notice when the means of knowledge are at hand, and if a party omits to inquire, he is then chargeable with all the facts which by a proper inquiry he might have ascertained." (*Thomas v. City of Flint,* 123 Mich. 10, 81 N. W. 936, 47 L. R. A. 499; *Osborne v. Alabama Steel etc. Co.,* 135 Ala. 571, 33 So. 687.)

Karl Paine and A. C. Hindman, for Respondent.

The instruction relating to the 1913 hay crop is phrased in the language of the books. (23 Century Digest, title "Fraud," secs. 61, 62.)

In the sale of farming property, false statements of fact as to the productiveness of the land, such as the amount of hay which it produces, the amount of pasturage it furnishes, the number of horses and cattle it maintains, etc., are actionable. (20 Cyc. 59; *Epp v. Hinton,* 91 Kan. 513, 138 Pac. 576, L. R. A. 1915A, 675.)

BUDGE, J.—In October, 1913, the respondent entered into a contract to purchase a tract of land in Owyhee county from one Doyle at $120 per acre, the total purchase price being $14,400. The deal was consummated by and through appellants. This action was commenced by respondent April 15, 1914. The second amended complaint, on which the action was tried, set forth two causes of action based upon alleged fraudulent representations of appellants. The first cause of action was to recover $20 per acre, or so much thereof as had then been paid, and to enjoin the collection of the balance unpaid over and above $100 per acre, upon the theory that it had been fraudulently represented to respondent that $120 per acre was the lowest price at which the land could be pur-

chased from Doyle, whereas, in truth and in fact, the land was actually purchased from him at $100 per acre.

The second cause of action was to recover damages alleged to have been suffered by reason of the fact, as alleged, that respondents had fraudulently represented that the land had grown a crop of hay for the season of 1913 amounting to 600 tons, when, as a matter of fact, the crop only amounted to about 400 tons.

Appellants' answer put in issue the questions of fraud referred to and a cross-complaint was filed to recover certain alleged damages. A stipulation was entered into that the allegations of the cross-complaint might be deemed denied.

The case was tried to a jury which returned a verdict on both causes of action in favor of respondent, for a total amount of $4,401, which was therein itemized as follows: "On plaintiff's first cause of action $2,400. . . . . On account of the damages because of the fact that the land did not produce 600 tons of hay in 1913, $1,500. On account of expenses incurred by the plaintiff, $500. On account of exemplary damages, $1. . . . . "

By consent of respondent, the first item was reduced from $2,400 to $1,250, for the reason that only $1,250 had been paid on this item. The $500 item was reduced to $250, for the reason that the respondent's proof would support no more than the latter amount.

Upon this verdict the court entered judgment in favor of respondent, and in addition enjoined the collection of the balance of the $2,400 which was still unpaid.

This appeal is from the judgment, from an order denying a motion for a new trial, and from an order refusing to vacate the judgment.

Error is predicated upon the giving of the following instruction: "The jury may disregard entirely the testimony of any witness or witnesses whom they believe have wilfully sworn falsely in respect to any material matter, unless such testimony is corroborated by testimony, facts or circumstances in evidence established to your satisfaction." It is contended that the words "established to your satisfaction"

unduly limit the jury, for the reason "that such corroboration must be practically proof absolute or otherwise they must disregard the testimony of the witness."

It is apparent that appellants have misconceived the purport of the instruction. The jury is not told therein that they must disregard the testimony of a witness who they believe has wilfully sworn falsely, but merely that they may disregard such testimony. In other words, they are at liberty to do so, but the instruction imposes no obligation upon them so to do. It is within the province of the jury to believe or to disbelieve the testimony of any witness, or any portion of such testimony, even though they also believe that such witness may have in some respects testified falsely in respect to a material matter. Furthermore, whether such testimony is corroborated is a question of fact which the jury must determine, and, if not satisfied that it is corroborated, they would doubtless treat the evidence as uncorroborated, whether the words "established to your satisfaction" were included in the instruction or not. The instruction leaves the question as to what testimony, facts or circumstances amount to corroboration entirely with the jury. (*Hamilton v. People,* 29 Mich. 173; *Minich v. People,* 8 Colo. 440–452, 9 Pac. 4.)

It is next urged that the court erred in instructing the jury as to the liability of an agent to his principal, for the reason that there was neither plea nor proof to support any theory of agency. In the second amended complaint it is alleged that appellant Gibberd "volunteered to show plaintiff around and assist him, *gratis* and as a friend, in finding a bargain in an irrigated farm, and in protecting him against fraud and misrepresentation of every kind and character . . . . ; that he accepted the offer of the defendant, W. H. Gibberd, and gave to him his entire confidence, which the other defendants well knew. . . . . " These allegations were specifically denied in the answer.

The issue so raised justified the instruction.

It is insisted that the court erred in submitting the second cause of action to the jury. It will be remembered that this cause of action was predicated upon the alleged representa-

tions as to the quantity of hay grown upon the land for the year 1913. The material facts bearing upon this issue are that respondent, in company with Gibberd and B. F. Wardell, went to the land; the harvesting of the hay crop was just being completed at the time they were there; the entire crop of hay was standing in the field in six stacks or ricks; respondent, in company with Gibberd, Wardell and Doyle, walked around over the hayfields and observed and examined the stacks. It was during this time that the conversations took place in which the representations were made to respondent that there were 600 tons of hay.

The statements as to the amount of hay were mere expressions of opinions; respondent was in as good a position to judge of the facts as were appellants; whatever the quantity of hay may have been that was actually in the stack was as much within the knowledge of the former as the latter. Fraud cannot be predicated, nor an action of deceit founded upon such a state of facts.

Error is assigned on the ground that the court refused to instruct the jury that, if they believed from the evidence that respondent had been advised that appellants were making $20 per acre out of the deal as their commission and thereafter entered into or confirmed the contract, he could not recover. On this point the court gave the following instruction: "If you believe from the evidence that the plaintiff knew, before signing the contract for the purchase of the land, or had such information from which a reasonably prudent man should have known, that the net price of the place purchased and received by Patrick Doyle, was $100 per acre, and that all over that amount was to be paid to B. F. Wardell & Co. by Doyle as a commission, the plaintiff cannot recover on his first cause of action."

There is no merit in this assignment. The instruction fairly stated the law upon this point.

It is contended that the court erred in submitting to the jury proof as to attorney's fees, for the reason that they were not pleaded as special damages.

The authorities are not .agreed upon the question whether attorney fees are recoverable in a tort action based upon fraud. Even in those states where a recovery is permitted there is disagreement in the authorities as to whether they are recoverable as special or general damages, whether they need to be specifically pleaded, or whether proof should be admitted, and whether they come within the class of compensatory or exemplary damages, but they seem never to have been allowed except in states where exemplary damages are recoverable. (17 C. J. 808, sec. 134; note to *Hanna v. Sweeney,* 78 Conn. 492, 62 Atl. 785, 4 L. R. A., N. S., 907; note to *United Power Co. v. Matheny,* 81 Ohio St. 204, 90 N. E. 154, 28 L. R. A., N. S., 761; note to *Finney v. Smith,* 31 Ohio St. 529, 27 Am. Rep. 524; 8 R. C. L. 499, sec. 60; 1 Sedgwick on Damages, 9th ed., 463, secs. 229–235a; 4 Sutherland on Damages, 4th ed., p. 4431, sec. 1177.)

We are unable to see why attorney fees, or any other expense of litigation, should be treated as exemplary damages. On the other hand, if viewed as compensatory damages, there is no sound reason apparent to our mind why they should be allowed in this class of actions rather than in any other kind of a tort action. We believe the correct rule is to disallow them entirely. The leading case supporting this rule is *Kelly v. Rogers,* 21 Minn. 146, wherein it is said, p. 153:

"In that class of cases where the jury, in assessing damages, are not limited to an award of compensation, but may give what are called exemplary or punitive damages, it is the better opinion that no allowance can be made to the plaintiff for counsel fees and other expenses of prosecuting the suit. Punitive or exemplary damages are inflicted, (as the terms import,) not to compensate the plaintiff for his loss or damage, but with a view to punish the defendant for his wanton, malicious, oppressive or outrageous conduct, and to deter him and others from the commission of like offenses. The expenses of the prosecution can afford no criterion by which to judge of the degree of malice, oppression or outrage of which the defendant has been guilty, and for which he is to be punished; nor can the *quantum* of punishment which the de-

fendant has deserved, and which will prevent the repetition of the offense by him or others, be measured by these expenses. There is therefore no reason why these expenses should be considered by the jury in arriving at that sum which, in their judgment, will be sufficient as a punishment and an example. (*Day v. Woodworth,* 13 How. (U. S.) 363, 14 L. ed. 181, see, also, Rose's U. S. Notes; *Earl v. Tupper,* 45 Vt. 275; *Barnard v. Poor,* 21 Pick. (Mass.) 378; *Lincoln v. Saratoga etc. R. Co.,* 23 Wend. (N. Y.) 425; *Warren v. Cole,* 15 Mich. 265; *Fairbanks v. Witter,* 18 Wis. 287, 86 Am. Dec. 765.)

"It is true that in the courts of Connecticut, Alabama, Mississippi and Ohio, a different rule has obtained. *Linsley v. Bushnell,* 15 Conn. 225, 38 Am. Dec. 79; *Platt v. Brown,* 30 Conn. 336; *Marshall v. Betner,* 17 Ala. 832; *New Orleans etc. R. Co. v. Allbritton,* 38 Miss. 242, 75 Am. Dec. 98; *Roberts v. Mason,* 10 Ohio St. 277. But except in the Connecticut cases, the question was not much considered, and the doctrine of those cases is opposed to the weight of authority."

The appellants insist that the court erred in not making findings upon the issue relating to the prayer for an injunction. The injunction was included in the judgment to afford complete relief to respondent on his first cause of action. The only issue involved was whether appellants had represented to respondent that $120 per acre was the lowest price at which the land could be purchased. The verdict of the jury resolved this issue in favor of respondent. There was no necessity for the court to prepare a special finding upon this point, and he was certainly at liberty to accept the finding of the jury, and this, as is clearly apparent from the language of the judgment, the court did. (*Sandstrom v. Smith,* 12 Ida. 446, 86 Pac. 416.) Moreover the cause was tried to the jury without objection, and error cannot be predicated on the fact that the action was in part one in equity and not in law. (*Bernier v. Anderson,* 8 Ida. 675, 70 Pac. 1027.)

The refusal of the court to sustain the motion for nonsuit as to the first cause of action made at the conclusion of respondent's case, and renewed at the close of the taking of testimony, is complained of, for the reason that respondent

was told by Gibberd that Doyle's price was $100 per acre and that therefore it became respondent's duty to follow up this information and make such inquiries as would determine the real price, and if he failed to do that, he is charged with the knowledge which such information imputes. Upon this point the court gave the following instruction: "Notice or knowledge such as would affect the *bona fide* character of a transaction does not mean that the party having notice or knowledge must have actual knowledge or notice, but it is sufficient if it is shown that he had reasonable means of knowledge; that is, that he had notice of such facts as would lead a reasonably prudent man to inquire further, which inquiry, if pursued fairly, would disclose facts which would affect the *bona fide* character of the transaction."

This instruction stated to the jury the law applicable to the circumstances in evidence on this phase of the case.

In discussing this point it must be considered in connection with the great mass of evidence in the case to the effect that the price quoted by the appellants to respondent, as the lowest price at which the property could be obtained, was made repeatedly and as a positive assertion. The jury was entitled to consider this evidence, for if true, it relieved the respondent of any obligation to further pursue the inquiry and he had a right to rely upon their statements, especially in view of the fact that it is a fair inference from the evidence that they were informed that he was relying expressly upon their representations as to the price. The point was thoroughly considered by this court in *Watson v. Molden,* 10 Ida. 570, 79 Pac. 503, which has been followed by this court in *Kemmerer v. Pollard,* 15 Ida. 34, 96 Pac. 206, and *Breshears v. Callender,* 23 Ida. 348, 131 Pac. 15, and has been cited with approval in *Wooddy v. Benton Water Co.,* 54 Wash. 124, 132 Am. St. 1102, 102 Pac. 1054; *Fischer v. Hillman,* 68 Wash. 222, 122 Pac. 1016, 39 L. R. A., N. S., 1140; *Holmes v. Rivers,* 145 Iowa, 702, 124 N. W. 801. See, also, *Fargo Gas & Coke Co. v. Fargo Gas & Electric Co.,* 4 N. D. 219, 59 N. W. 1066, 37 L. R. A. 593, and extended note; *Crompton v. Beedle,* 83 Vt. 287, Ann. Cas. 1912A, 39, 75 Atl.

331, 30 L. R. A., N. S., 748, and note; *Selby v. Matson*, 137 Iowa, 97, 114 N. W. 609, 14 L. R. A., N. S., 1210, and note; *Woodward v. Western Canada Colonization Co.*, 134 Minn. 8, 158 N. W. 706, L. R. A. 1917C, 270, and note; 12 R. C. L. 359 et seq., subd. X.

We have given careful consideration to the other assignments of error, but they are without merit. The judgment should be modified so as to deny recovery upon the second cause of action and to eliminate the amount awarded as attorney fees, and as so modified will stand affirmed. Costs are awarded to appellants.

Morgan, C. J., concurs.

RICE, J., Concurring.—I concur in the conclusion reached. I think, however, that the demurrer to respondent's second cause of action as set out in the complaint should have been sustained. The only allegation that could in any way be considered as stating damages, which resulted from the alleged fraudulent representations, is that by reason thereof "plaintiff was induced to agree in writing to buy said premises and agree to pay therefor the sum of $14,400." There is no allegation of the actual value of the premises, nor any allegation from which it is possible to infer that any damage resulted to the respondent by reason of the facts alleged in the second cause of action. For a similar reason, the item of $250 for expense should be deducted from the verdict. This item was not allowed as punitive or exemplary damages, and must have been allowed by the jury as special damages. Special damages must be pleaded. Nowhere in the complaint is there any allegation as to the item for attorney's fees for which a verdict was rendered by the jury.