(October 25, 1921.)

## CATERINE MEIR–NANDORF, Respondent, v. JAMES L. MILNER, L. A. HARTERT, O. A. JOHANNESSEN, and J. M. MacGREGOR, Appellants.

[201 Pac. 720.]

WARRANTY DEED—CONSTRUCTION—DESCRIPTION OF LAND.

1. If the language of a deed is plain and unambiguous, it must be given such effect as the parties thereto clearly intended it to have, and in such case extrinsic evidence is not admissible to determine the intention of the parties.

2. When there is a clear and unambiguous description in a deed, the court will construe the terms used.

APPEAL from the District Court of the Ninth Judicial District, for Bonneville County. Hon. James G. Gwinn, Judge.

Action for damages. From judgment for plaintiff, defendant appeals. *Affirmed.*

D. E. Rathbun, for Appellants.

A deed, in which the description is sufficiently definite to locate the land with certainty, should, as to the land conveyed, be construed from the instrument itself, and such construction is for the court. (*Folk v. Graham,* 82 S. C. 66, 62 S. E. 1106; *Holmes v. Weinheimer,* 66 S. C. 18, 44 S. E. 82; *New River Mineral Co. v. Painter,* 100 Va. 507, 42 S. E. 300; *Brown v. Huger,* 21 How. (U. S.) 305, 16 L. ed. 125; *Piles v. Bouldin,* 11 Wheat. (U. S.) 325, 6 L. ed. 486; 13 Cyc. 607G; 2 Devlin on Real Estate, 3d ed., sec. 835.)

In an action for a breach of a covenant of warranty, evidence should not be heard to modify or enlarge the description of land in a warranty deed when that description can be definitely ascertained from the deed and other instruments referred to in the deed and made a part of

the deed. (2 Devlin on Real Property, 3d ed., sec. 1042; 13 Cyc. 626B; 1 Jones on Law of Real Property, sec. 335; *Folk v. Graham,* 82 S. C. 66, 62 S. E. 1106; *New River v. Painter, supra; Benedict v. Gaylord,* 11 Conn. 332, 29 Am. Dec. 299; *Clement v. Bank of Rutland,* 61 Vt. 298, 17 Atl. 717, 4 L. R. A. 425.)

W. P. Hanson and Wm. L. McConnell, for Respondent.

Whatever is expressly granted, conveyed or promised cannot be restricted or diminished by subsequent provisions or restrictions. (*Pike v. Munroe,* 36 Me. 309, 58 Am. Dec. 751; *Maker v. Lazell,* 83 Me. 562, 23 Am. St. 795, 22 Atl. 474; *Friedman v. Nelson,* 53 Cal. 589; *Piper v. True,* 36 Cal. 606.)

When land is conveyed by metes and bounds, or any other particular description, explanation of what is intended to be conveyed does not limit or enlarge the grant. (*Brown v. Heard,* 85 Me. 294, 27 Atl. 182; *Hobbs v. Payson,* 85 Me. 498, 27 Atl. 519; *Smith v. Sweat,* 90 Me. 528, 38 Atl. 554; *Friedman v. Nelson, supra; Piper v. True, supra.*)

DUNN, J.—This action was brought by the respondent against appellants to recover $786.18 as damages for the loss of 26.65 acres of land which respondent claims to have been included in a warranty deed made by appellants to her, title to which land failed because of its being a part of a school section belonging to the state of Idaho.

The warranty deed in question conveyed, "All the certain lot, piece, or parcel of land situate, lying and being in the counties of Fremont and Bingham and state of Idaho, and bounded and described as follows, to wit: That certain tract of land commonly known as 'Bear Island' and situated principally in section thirty-five (35), township four (4) north, range thirty-seven (37) east, Boise Meridian, accordingly as the same may appear described in patent yet to be issued. Said land having been filed upon by Thomas Weir, under Desert Entry No. 2116,

together with all water rights, ditch rights, water-wheel, and appurtenances thereto belonging. Together with main land connecting bridge.

"This deed is intended to convey all interest and title taken by first parties in deed recorded on page 501, in Book 'P' of Deeds, records of Fremont county, Idaho, covering all property therein described."

At the time of the making of the desert land entry mentioned in this deed Bear Island was unsurveyed. The entire island was included in the entry and on the filing of the plat of the official survey application was made by Weir to adjust his entry to the land as shown by the official plat, which designated the land in the island as lot 7, section 2, township 3 north, lots 6, 7 and 8, section 35, and lot 4, section 36, township 4 north, all in range 37 east, Boise Meridian. The application to adjust the entry to the lands above described was rejected as to lot 4, section 36, because of the fact that upon approval of the survey title to said lot 4 passed to the state of Idaho under the provisions of the act of Congress of July 3, 1890. The adjustment was allowed as to the remaining land in said island and patent for the last named lands was issued to Thomas Weir September 6, 1912.

The respondent alleges the conveyance of the entire island to her by the foregoing deed and that on or about the first day of March, 1912, she was notified that said lot 4, embraced within said island and which she claimed was a part of the land conveyed by appellants to respondent, was school land, the title to which was in the state of Idaho, and that the application of Weir for patent therefor had been rejected; that she immediately notified appellants of this fact and demanded that they procure for her title to said lot 4; that on or about the fifteenth day of July the state of Idaho asserted its claim to said lot 4 and advertised the same for sale at public auction; that the said state did on or about the thirteenth day of August sell said land at public auction; that said appellants at that time did re-

fuse, and ever since have refused, to perfect respondent's title to said tract, and that in order to protect her interest therein and prevent great damage being done to the balance of the land described in said warranty deed respondent was compelled to and did purchase said land from the state of Idaho at public auction and paid therefor to said state the sum of $786.18.

Appellants deny the conveyance of the entire island, and allege that the deed was intended to convey, and did convey, only such portions of the island as might be patented to Thomas Weir. In other words, it is their claim that the conveyance was made so that if Weir received patent to the entire island the deed would convey the entire island, but if, as turned out to be the case, only a portion of the island was patented to Weir such portion only would be conveyed to respondent by the deed, and that the warranty of title would extend no further than to include such lands as might be patented to Weir. The whole controversy between the parties is whether or not the deed unconditionally conveyed the portion of the land lying within section 36.

The case was submitted to a jury and a verdict returned as prayed for in the complaint. Appellants complain of certain instructions given by the court and certain others requested and refused. They also assign as error the over-ruling of appellants' demurrer to the complaint; the denying of appellants' motion for a nonsuit; the submission by the court to the jury of the determination of what land was conveyed by the deed, and of the rendering of judgment by the court on the verdict and answers to certain interrogatories that were submitted to the jury, for the reason that the judgment is not consistent with the answers to the special questions submitted and is contrary to the law of the case.

The court instructed the jury that the deed in controversy was so ambiguous that it could not be determined therefrom whether the land in section 36 was included in said deed or not, and that for this reason it was necessary to submit

to the jury the facts and circumstances surrounding the transaction to assist them in determining whether or not it was intended by said deed to convey said land in section 36, which instruction appellants claim was error. We think this was error on the part of the trial court, but appellants cannot be heard to complain of it for the reason that it was more favorable to them than it ought to have been. As we view it, there was no ambiguity whatever in this deed, and the trial court should have instructed the jury that it was clearly intended thereby to convey all of the land in Bear Island, which would include the land in section 36. (18 C. J., p. 297, sec. 277.)

The first rule of construction to be applied to a written instrument in order to determine what is intended by it is that resort shall be had to the language of the instrument itself, and "If the expressed meaning is plain on the face of the instrument it will control." (18 C. J., p. 257, sec. 204b, p. 277, sec. 242e.) "The intention must be ascertained from the language of the deed itself where that is not ambiguous." (8 R. C. L., p. 1039.) Clearly, the deed in controversy was intended to convey the entire tract referred to as Bear Island, for that is what it says. No other reasonable interpretation can be put upon the language. Its description as "situated principally in section thirty-five (35) township four (4) north, range thirty-seven (37) east, Boise Meridian," plainly indicates that a portion of the island to be conveyed lies outside of said section. The expression "accordingly as the same may appear described in patent yet to be issued" cannot by any reasonable interpretation be made to mean that the amount of land conveyed by the deed was to vary with the amount that might be conveyed by the patent to be issued to Weir. The statement, "This deed is intended to convey all interest and title taken by first parties in deed recorded on page 501 in Book 'P' of Deeds, records of Fremont county, Idaho, covering all property therein described," does not limit the land conveyed by this deed to the land conveyed

by the deed recorded on page 501 in Book "P" of Deeds, if we should assume that the last named deed conveyed less than the entire tract known as Bear Island. The plain meaning of this latter expression is that it was intended to convey by this deed all that was conveyed by the former deed, but there is nowhere found in this expression anything to indicate that the property conveyed by this deed should be limited to that conveyed by the former deed, if the former deed did not convey all of Bear Island.

The former deed, recorded at page 501 of Book "P" of Deeds, records of Fremont county, Idaho, to which reference is made in the deed in controversy, conveys to appellants "All that certain lot, piece or parcel of land situated, lying and being in the counties of Fremont and Bingham, Idaho, and bounded and described as follows, to wit: All of the unsurveyed tract of land known as Bear Island situate in section thirty-five (35), township four (4) north of range 37 east, Boise Meridian, and in section two (2), township three (3) north of range thirty-seven (37) east, Boise Meridian, and containing two hundred (200) acres, more or less, together with all ditch and water rights thereto belonging or in anywise appertaining, however the same may be evidenced." This is the deed, executed January 31, 1907, by which appellants acquired title to Bear Island from Thomas Weir, the entryman. It refers to the island as situate in section 2, township 3, and section 35, township 4, when it in fact covered a part of section 36, township 4. The island is divided among these sections as follows: In section 2, 2.97 acres; in section 35, 136.10 acres; in section 36, 26.65 acres. December 16, 1909, after holding title almost three years, appellants conveyed to respondent title to all of "that certain tract commonly known as 'Bear Island' and situated principally in section 35." If they understood that they had acquired only that part of the island lying in sections 2 and 35 and intended to convey no more than that it is difficult, if not impossible, to explain the adoption of this expression, which, more clearly than the former, embraces the entire island.

This description, relied upon by appellants to limit the warranty to lands in section 2, township 3 N., and sec. 35, township 4 N., is not susceptible of such construction, for it clearly states that it conveys "all of the unsurveyed tract known as Bear Island." The erroneous statement following that this island is "situate in section thirty-five (35), township four (4) north . . . . and in section two (2), township three (3) north," does not restrict the area conveyed to what is in these last named sections. The contention of appellants that this description in substance says "that part of Bear Island situated in section 35 and section 2" cannot be sustained unless we reject the plain meaning of the language used.

"Where a close or parcel of land is granted by a specific name, and it can be shown what are the boundaries of such close or parcel, the governing part of the description is the specific name, and the whole parcel will pass, even though to the general description there is superadded a particular description by metes and bounds, or by a plan which does not show the whole contents of the land as included in the designation by which it is generally known." (*Attrill v. Platt*, 10 Can. Sup. Ct., pp. 425, 472; *Lodge's Lessee v. Lee*, 6 Cranch (U. S.), 237, 3 L. ed., 210; *Martin v. Urquhart*, 72 Ark. 496, 82 S. W. 835; *Melvin v. Proprietors of Locks and Canals on Merrimack River*, 5 Met. (Mass.) 15, 38 Am. Dec. 384.)

Reduced to its legitimate conclusion the contention of appellants means that if Weir finally obtained patent for only lot 7, section 2, township 3, containing 2.97 acres of land, this would satisfy the warranty given by appellants, or, if Weir's entry finally failed and no patent issued to him, appellants had given no warranty whatever.

No error prejudicial to appellants appears in the record. The judgment is therefore affirmed, with costs to respondent.

Rice, C. J., and Budge, McCarthy and Lee, JJ., concur.