[S. F. No. 10691. In Bank.—October 2, 1923.]

C. BIGLIONE, Respondent, v. A. BRONGE, Appellant.

[1] SALES — STATEMENT OF QUANTITY — USE OF WORD "ESTIMATED"— WARRANTY—FRAUD.—The general rule is that the word "estimated" following a description of the subject of the contract indicates that a statement of quantity is a matter of description and not of the essence of the contract and the buyer takes the risk of the quantity if there be no intermixture of fraud in the case, this being equally true where both parties have equal means of knowledge as to quantity. The naming of the quantity is not, under such ·circumstances, regarded in the nature of a warranty but only as an estimate or opinion of the probable amount in reference to which good faith is all that is required of the party making it.

[2] ID.—SALE OF ESTIMATED QUANTITY OF GRAPES FOR GROSS PRICE— SHORTAGE IN QUANTITY—PAYMENT—LIABILITY OF BUYER—ABSENCE OF FRAUD.—Under a contract for the sale of an entire crop of grapes growing upon a particular ranch for a gross price, the fact that upon delivery the weight of the grapes proves less than was the estimate of the parties at the time the contract was entered into furnishes no defense against the payment of the entire purchase price in the absence of fraud or misrepresentation upon the part of the seller.

APPEAL from a judgment of the Superior Court of Fresno County. S. L. Strother, Judge. Affirmed.

The facts are stated in the opinion of the court.

James Gallagher for Appellant.

C. K. Bonestell and Kitt Gould for Respondent.

SEAWELL, J.—This appeal is taken from the judgment-roll alone. The action is based upon the refusal of appellant to make the third and final payment on the purchase price of a crop of grapes as provided by the terms of the following contract entered into between the appellant and respondent:

"Fresno, Cal., July 23, 1921.

"For and in consideration of the sum of One Dollar ($1.00) each to the other paid, receipt of which is hereby

acknowledged, C. Biglione has this day sold and A. Bronge has this day bought the entire crop of Malagas, Muscats and black grapes, same to be clean, free of mildew and fungi diseases now growing on the ranch of C. Biglione, situated Scandinavian Col., Fresno Co., consisting of 55 acres, more or less, the crop estimated as 130 tons.

"Above grapes to be picked and delivered to buyers packing house at Bronge Spur, by buyer at such time as may be desired by the buyer.

"Terms cash payable.

July 23/1921    $1500.00
Sept.  5/1921      300.00
Sept. 18/1921     1700.00

"Seller to furnish team and truck free.

"Signed—Seller ·C. BIGLIONE.

"Signed—Buyer A. BRONGE."

The first and second cash payments were made as in the contract provided. Appellant refused to make the third or final payment, amounting to $1,700, hence the action. The allegation of the complaint as to appellant's liability to make said payment as provided in said contract is sufficient. This allegation is followed by general allegations authorized by the provisions of section 457 of the Code of Civil Procedure and are to the effect that respondent complied with all the terms and conditions of said contract (the contract being made an exhibit) to be performed by him. Appellant, in answering the complaint, admitted the execution of the contract but denied that according to the terms of said contract, as mentioned in paragraph II of said complaint, or at all, defendant became indebted to the plaintiff in the sum of $6,200, the contract price of the whole grape crop, or in any sum other than $2,312.55, which amount defendant has paid to plaintiff. He then proceeded to make denial "that there were 130 tons of grapes grown and delivered on or from the ranch mentioned in said contract as sold by plaintiff and bought by defendant, or any tonnage or weight of such grapes other than 133,614 pounds." Appellant admits that "he paid plaintiff as alleged in said complaint the sum of $4,500 in accordance with the terms of said contract for said grapes, and before the delivery thereof; but denies that the tonnage or weight of said grapes and the whole thereof when delivered was 130 tons, or any tonnage or weight other than 133,614 pounds, the price of which was said $2312.55 so paid

by defendant to plaintiff; and in this connection defendant alleges that on plaintiff's representation that there was, as in said contract specified, 130 tons of said grapes, he, defendant, relying on and believing such representation, overpaid plaintiff in the sum of $2187.45 on the 5th day of September, 1921, and such overpayment or any part thereof has not been paid by plaintiff to defendant; but the whole thereof with interest thereon at the rate of 7% per annum from September 5, 1921, remains due, owing and unpaid.''

All the matters contained within quotation marks and which make specific reference to tonnage and overpayment were on motion of respondent stricken out upon the ground that said matters were irrelevant and did not constitute either denials of the allegations of the complaint or new matter properly set up as affirmative defenses. Other denials as to the quantity of the crop not exceeding 133,614 pounds, or about 66 tons, were stricken from the pleadings, but as the matter already presented is typical of that omitted it would add nothing to the strength of appellant's contention to repeat them.

The same matter contained in the answer is repeated in the cross-complaint omitting therefrom the alleged misrepresentation that the quantity of grapes was 130 tons. No allegation of fraud, misrepresentation, mistake, or surprise is pleaded or attempted to be pleaded in the cross-complaint. The answer in this respect contains only what is shown by the portions contained within quotation marks. The cross-complaint prayed for judgment for the sum of $2,187.45 with interest, this amount being the difference between the sum appellant paid, to wit, $4,500, and the amount, to wit, $2,312.55, which appellant claims respondent was entitled to receive under the terms of said contract.

By what method of computation or under what theory of the case the last stated amount has been brought into the transaction has not been made clear to us. The contract provided for the sale of the entire crop of three varieties of grapes grown on certain described premises and is silent as to the sale by the ton or by the pound.

A demurrer was sustained to the cross-complaint on general grounds. Appellant did not amend either his answer or cross-complaint or ask leave to do so.

[1]   The general rule is that the word "estimated" following a description of the subject of the contract indicates that a statement of quantity is a matter of description and not of the essence of the contract and the buyer takes the risk of the quantity if there be no intermixture of fraud in the case.   This is equally true where both parties have equal means of knowledge as to quantity.   The naming of the quantity is not, under such circumstances, regarded in the nature of a warranty but only as an estimate or opinion of the probable amount in reference to which good faith is all that is required of the party making it.   There is nothing in the contract before us or the record in the case which would justify us in assuming that both parties did not have equal means of knowledge as to quantity.   Nor is there anything before us to justify the assumption that the estimated tonnage of grapes was not upon the vines at the time the estimate was made.   By the contract it would appear that the 130 tons was the estimated tonnage of both parties to the contract and not the estimate of but one of said parties.

[2]   In a case in principle identical with the one before us this court recently said : "In every such case the contract is held to be only for the sale of the specific article or articles in bulk for a gross price, and the fact that upon delivery the thing sold proves less in number or weight or measurement than was the estimate of the parties at the time of the purchase, furnishes no defense against the payment of the entire purchase price in the absence of fraud or misrepresentation upon the part of the seller." (*Farrell* v. *Parkford,* 189 Cal. 540 [208 Pac. 276].)

This disposes of the only question presented by the appeal.

The judgment is affirmed.

Wilbur, C. J., Waste, J., Kerrigan, J., Myers, J., Richards, J., *pro tem.,* and Lawlor, J., concurred.