## HOLLAND v. ROCK

### No. 2770

September 21, 1927.                           259 P. 415.

1. SALES—SUBSTANTIAL COMPLIANCE.

Delivery of 600 sheep, although the contract called for "about" 650, of which 293 were yearlings, although the contract called for "about" 400, but stated that the sale covered all of this particular class of sheep owned by the seller, *held* a substantial compliance with the contract; "about" merely implying an estimate of a particular lot or class and not a warranty of number.

2. SALES—ABOUT, MORE OR LESS.

The construction of the qualifying words "about," "more or less," or words of similar import, appearing in contracts relative to number, depends upon whether the parties intended that the number or quantity qualified was an estimate of a particular lot or quantity, the whole of which was to be delivered, or intended the number stated as a warranty.

3. SALES—BUYER'S REFUSAL TO ACCEPT.

Where the buyer under a sheep sales contract refused to accept substantial delivery, the sellers were entitled, in view of uniform sales act, sec. 60 (3 Rev. Laws, p. 3047), to recover any loss occasioned by the breach.

4. SALES—BUYER WAIVES PRIVILEGE.

Where sheep sales contract called for payment of a flat rate per head or a specified rate for each of two classes, at purchaser's option and upon his classification, but latter did not exercise his option, *held* upon question of seller's damages for nonacceptance of sheep, that buyer had waived the classification privilege; hence was liable at the flat rate.

### C. J.-CYC. REFERENCES

ABOUT—1 C. J. sec. 7, p. 337, n. 31.
MORE—41 C. J. p. 214, n. 13.
SALES—35 Cyc. p. 99, n. 31; p. 207, n. 62, 63; p. 257, n. 31 (new); p. 592, n. 52 (new).

APPEAL from Fourth Judicial District Court, Elko County; *J. M. McNamara*, Judge.

Action by. J. F. Holland and another, copartners doing business as the Elko Live Stock Commission Company, against Frank Rock, Gus Bennevent, and another, copartners doing business as Rock & Bennevent. Judgment for plaintiffs, and named defendants appeal. **Judgment modified, and, as modified, affirmed.**

*E. J. L. Taber*, for Appellants:

There was not substantial compliance. Contract was

for about 650 ewes, of which 400 were to be yearlings, balance two-year old, up, unshorn, at $12 per head for sound, and $7 for broken mouths, buyer's option. Those tendered were 293 yearlings, worth not over $13; 33 old sound-mouth ewes, $9; 268 old broken-mouth ewes, $7.50; 15 yearling weathers, 24 lambs and 16 bucks.

Where contract to sell is by description, there is implied warranty that goods shall correspond. Where seller offers less buyer may reject; but if he accepts knowing seller is not going to perform, he must pay at contract rate. Uniform Sales Act, secs. 14, 44 (3 Rev. Laws, p. 3036).

"About," "more or less," and such expressions in engagements to furnish goods of certain quality to certain amount, provide only for accidental variations or slight differences. Brawley v. United States, 96 U. S. 168; Moore v. United States, 196 U. S. 157; 23 R. C. L., sec. 242; 35 Cyc. 206.

On measure of damages, Call v. Linn, 228 P. 127, quotes with approval Dustan v. McAndrew, 44 N. Y. 72, to effect that upon failure of purchaser to perform contract, vendor may elect to hold property for purchaser and recover entire price; or to sell it after notice as agent and recover difference; or to retain and recover difference between contract and market prices. Respondents did not elect to do either. They sold, but without notice. Evidence showed contract price and market price were equal. They suffered no damage.

*H. U. Castle,* for Respondents:

Contract was for 650 and 594 were offered. There was substantial compliance. Mosby v. Smith, 180 SW. 49; Baird v. Johnson, 14 N. J. Law, 120; Waddell v. Phillips, 105 Atl. 771.

Notice is not necessary to validity of resale. Uniform Sales Act, sec. 60, subd. 4 (3 Rev. Laws, p. 3097).

"About," "more or less," and similar terms preclude accuracy. They are not warranties, but rough calculations of probable amount, in reference to which good faith is all that is required. Bautovich v. G. S. Lumber

Co., 56 So. 1026, quoting Brawley v. United States, 96 U. S. 168; Kenan v. Oil Co., 1 A. L. R. 1387.

Defendants cannot urge reasons for rejection at trial not given at time of tender. 13 C. J. 659. They did not count sheep, or elect to classify them; they thereby waived that privilege. Norris v. Harris, 15 Cal. 226. When party makes specific objection, he waives any other. 13 C. J. 695; Ry. Co. v. McCarthy, 96 U. S. 267.

Pleadings do not allege fraud; it cannot be maintained. Gruber v. Baker, 20 Nev. 453.

Credibility of witnesses is for trial court. Nicora v. Cerveri, 49 Nev. 261, 244 P. 897.

If testimony is conflicting appellate court will not disturb findings. Dixon v. Miller, 43 Nev. 288.

## OPINION

By the Court, DUCKER, J.:

This is an action for breach of a contract. By the terms of the contract plaintiffs agreed to sell and defendants agreed to buy about 650 head of ewe sheep at the price of $12 a head, or $13.25 for all soundmouth ewes, and $7 for broken mouths, at buyer's option. Of the sheep to be delivered, about 400 were to be yearlings, and the balance two years old and upwards, unshorn. It was agreed that said sale covered all of this particular class of sheep owned by the party of the first part.

The defendants refused to accept delivery. The sheep tendered were afterwards resold to another party at less than the contract price. The trial court found that plaintiffs delivered 600 head of ewe sheep, and that this was a substantial compliance with the contract. Judgment was rendered in favor of plaintiffs in the sum of $1,337.91. From the judgment and order denying their motion for a new trial, the defendants Frank Rock and Gus Bennevent have appealed. Defendant Jerry Rock was not served with process and did not appear.

1, 2. The main contention of defendants is that plaintiffs, in their tender of delivery, did not substantially

comply with the contract. Of the 600 head found by the trial court to have been tendered, 293 were yearling ewes, and the balance were sound-mouthed and broken-mouthed ewes over that age. The evidence disclosed, and the trial court stated, both in the opinion and on motion for a new trial, that 293 yearling ewes was the number of that age tendered. This was 107 less than the number specified in the contract. The number of the older ewes tendered was 50 less than the number specified in the contract. Was this an offer by plaintiffs to substantially perform the contract? We think it was. The qualifying words "about," "more or less," or words of similar import, appearing in contracts of this character, have received a definite construction by the courts, depending upon whether it was intended that the number or quantity qualified by such words was an estimate of a particular lot or quantity to be delivered, or a material part of a contract. The rule is stated in Brawley v. United States, 96 U. S. 168, 24 L. Ed. 622, thus:

"Where a contract is made to sell or furnish certain goods identified by reference to independent circumstances, such as an entire lot deposited in a certain warehouse, or all that may be manufactured by the vendor in a certain establishment, or that may be shipped by his agent or correspondent in certain vessels, and the quantity is named with the qualification of 'about,' or 'more or less,' or words of like import, the contract applies to the specific lot; and the naming of the quantity is not regarded as in the nature of a warranty, but only as an estimate of the probable amount, in reference to which good faith is all that is required of the party making it. In such cases, the governing rule is somewhat analogous to that which is applied in the description of lands, where natural boundaries and monuments control courses and distances and estimates of quantity. But, when no such independent circumstances are referred to, and the engagement is to furnish goods of a certain quality or character to a certain amount, the quantity specified is material, and governs

the contract. The addition of the qualifying words, 'about,' 'more or less,' and the like, in such cases, is only for the purpose of providing against accidental variations arising from slight and unimportant excesses or deficiencies in number, measure, or weight."

The contract considered in the above case was for the delivery at the post of Ft. Pembina 880 cords of wood, more or less, as should be determined to be necessary by the post commander for the regular supply, in accordance with army regulations, of the troops and employees of the garrison of said post for the fiscal year beginning July 1, 1871. The court said:

"These are the determinative words of the contract, and the quantity designated, 880 cords, is to be regarded merely as an estimate of what the officer making the contract at the time supposed might be required."

The contract before us clearly falls into this class. The words, "said sale covers all of this particular class of sheep owned by the party of the first part," must be taken as the determinative words of the contract, and the number of sheep designated is to be regarded merely as an estimate of what the party of the first part supposed he owned of that class of sheep. The contract was made with reference to this independent circumstance. The case of Mosby v. Smith, 194 Mo. App. 20, 186 SW. 49, is in point. In that case the contract was for the sale of about 900 head of two year old steers, and the court held that the delivery of 687 of such steers was, under the circumstances, a substantial performance of the contract. In the course of its opinion the court referred to the two classes of cases, distinguished in Brawley v. U. S. as follows:

"There are cases where such terms as 'about' and 'more or less,' when used in contracts to qualify the stated quantity or number, are given the meaning of an approximation with the stated quantity or number as a fixed basis for such approximation, and there are other cases where such terms are treated as a mere estimate of an unknown and indefinite quantity or number which the parties have agreed shall be the subject matter of

the contract. Each definition may be soundly applied according to the intention of the parties, which must be ascertained from all the terms of the contract."

See, also, 23 R. C. L. sec. 178, p. 1354, and cases cited in note 5; 1 Beach on the Modern Law of Contracts, sec. 245, p. 305.

There is nothing in the evidence to. indicate that the word "about," qualifying the stated number of sheep, was understood by the parties in the sense of an approximation guaranty of quantity; nor is there any evidence tending to show bad faith on the part of plaintiff in delivering a less number than the stated amount.

3, 4. It is contended by defendants that the court erred in awarding plaintiff the sum of $1,337.91 as damages. This .contention is based upon the claim that there is no competent evidence to authorize that amount or any sum whatsoever as damages. It appears from the evidence that the plaintiffs on resale received the sum of $5,852.09 for the sheep, which the court found to have been tendered for delivery in substantial performance of the contract. The amount awarded is the difference between that amount and $7,200, which the court held plaintiffs were entitled to receive for 600 at the contract price of $12 per head. We find no substantial error in this. Defendants were in default for refusing to take delivery of the sheep and pay the contract price, and plaintiffs exercised their right of resale. They were entitled to recover from defendants any loss occasioned by the breach of the contract of sale. Section 60, Uniform Sales Act (3 Rev. Laws, p. 3047). Defendants did not attempt to classify the sheep and exercise their option under the contract to take sound-mouth ewes and broken-mouth ewes at $13.25 and $7 per head, respectively, and consequently must be deemed to have waived that privilege. However, the trial court erred in its computation in finding that 600 head of ewes were tendered for delivery. The evidence, without conflict, disclosed that 594 were so tendered, and the court mentions that number in its decision on motion for a new trial. This makes six less actually tendered for delivery

than found by the court. Consequently the sum of $72 must be deducted from the amount of the judgment.

The judgment, as modified to this extent, is affirmed.