291 P.2d 864

Cecil GREEN and Calvin Green, copartners, doing business under the firm name and style of Green Brothers, Plaintiffs-Respondents,

v.

K. S. WEBSTER & SONS, a partnership, and Kenneth S. Webster, Louis Webster and Bud Webster, partners, associated in business under the firm name and style of K. S. Webster & Sons, Defendants-Appellants.

No. 8178.

Supreme Court of Idaho.

Dec. 14, 1955.

---

W. Lloyd Adams, Mary Smith, Rexburg, for appellants.

Holden & Holden, Robert V. Kidwell, Idaho Falls, for respondents.

KEETON, Justice.

Plaintiffs in the trial court, respondents here, brought this action to recover an alleged balance due on a written contract for goods, wares, merchandise and services sold, and allegedly delivered.

By the terms of the contract respondents sold "*all* of the baled alfalfa hay now located on feed lot site on the home place of Cecil Green * * * which would total approximately 840 tons, more or less"; together with all of the third crop of alfalfa located in the fields on the home place totaling approximately 140 acres; also pasture on the "Deer Parks farm", totaling 360 acres, more or less; together with other pasture facilities.

Other terms of the contract provided that respondents shall furnish "sufficient straw for bedding"; also, "feed lot, water, team of horses and wagons to haul the above described hay and straw".

For all the various items of personal property sold and services to be performed by the sellers (respondents), appellants (buyer) agreed to pay $25,500.

The complaint alleged full performance on the part of respondents and claimed a balance due of $6,250. In a defense and cross-complaint appellants claimed that the alfalfa hay in stacks (nine in number) totaled only 651 tons and the quality of the hay was not equal to or better than the hay purchased in 1951 in a contract between the same parties.

Appellants did not allege fraud or mistake, and based their defense on the alleged shortage in quantity and the poor quality of the hay, and claimed damages and an offset totaling the sum of $11,235. It is not contended that the nine stacks of hay or the pasture or straw or other services and facilities were not delivered and accepted.

Testimony discloses appellants, or their representative, prior to entering into the written contract, observed the stacked hay, examined it and took samples thereof.

Testimony as to the shortage in quantity and the poor quality of the hay was offered in evidence as a defense to the action and in support of appellants' cross-complaint. The trial court held that conversations had between the parties, and alleged representations made by the sellers prior to entering into the written contract as to quality were no defense and at the conclusion of the testimony took the case from the jury and instructed a verdict for plaintiffs. Appeal was taken from the judgment entered on the verdict.

In assignments of error appellants contend that the quantity and quality of the hay was a material issue and that they should have been permitted to show the value of the hay actually received.

The contract sued on is complete on its face. It is not ambiguous or uncertain, and no fraud or mistake is alleged or proved. Hence, the general rule that parol evidence cannot be received to alter, contradict or vary the terms of a written contract applies.

The rule has variously been stated in numerous Idaho decisions: In Milner v. Earl Fruit Co., 40 Idaho 339, 232 P. 581, the Court held:

"Where parties have entered into a contract or agreement which has been reduced to writing, if the same is complete upon its face and unambiguous, no fraud or mistake being alleged, parol evidence of prior or contemporaneous negotiations or conversations is not admissible to contradict, vary, alter, add to, or detract from the terms of the written contract."

and in First National Bank of Hagerman v. Peterson, 47 Idaho 794, 279 P. 302, 305, it was held:

"In the absence of fraud or mistake, a contemporaneous oral warranty cannot be engrafted on a written contract of sale, where such agreement on its face purports to evidence the entire agreement of the parties, irrespective of whether it is silent as to warranty or not."

See also, Meir-Nandorf v. Milner, 34 Idaho 396, 201 P. 720, and Landes & Co. v. Fallows, 81 Utah 432, 19 P.2d 389.

Further, the contract sued on is not severable. For the numerous items of personal property sold and services to be performed by the sellers, appellants agreed to

pay a specified gross sum. In the instant situation appellants received and used all of the items and services specified in the contract. The contention that there was a shortage in tonnage in the nine stacks of hay is not sufficient ground for avoidance. The contract specifically provided that the appellants should have *all* the specified hay which had been by the sellers estimated to be 840 tons, more or less. The rule applicable to the situation is stated in 77 C.J. S., Sales, § 169, Subd. 2, p. 904, as follows:

"Where the goods are identified by reference to independent circumstances, so that it is fairly inferable that the sale is of a particular lot of goods in bulk, a specification of the quantity accompanied by qualifying terms, such as 'about,' 'more or less,' or the like, amounts to no more than a rough estimate of the probable quantity, and a delivery of the whole lot is good, even though the variance from the quantity specified is gross."

Cases to the same effect are Holland v. Rock, 50 Nev. 340, 259 P. 415; Biglione v. Bronge, 192 Cal. 167, 219 P. 69. See also Williston on Sales, Revised Edition, Vol. 2, p. 734, Sec. 464; 78 C.J.S., Sales, § 459, p. 110.

The use of the words "more or less" in the contract does not render the contract ambiguous. 55 C.J. 389, Sec. 377; Peterson v. Chaix, 5 Cal.App. 525, 90 P. 948.

The contract contained no warranty as to the amount or quality and there was no implied warranty that the hay sold would weigh 840 tons or be of a quality equivalent to hay formerly purchased. Section 64–115 I.C., Subd. 3; Peterson v. Chaix, supra.

Because of the conclusion reached the contention of respondents that the answer is a negative pregnant will not be discussed.

We find no error. Judgment is affirmed. Costs to respondents.

ANDERSON and SMITH, JJ., concur.

PORTER, Justice (dissenting).

I find myself in disagreement with the solution of this cause contained in the majority opinion. I am concerned with the interpretation placed upon that part of the contract between the parties reading as follows:

"That the said parties of the first part hereby agrees to sell to the parties of the second part, all of the baled alfalfa hay now located on feed lot site at the home place of Cecil Green Menan, Idaho which would total approximately 840 tons, more or less, * * *."

Appellants by their answer denied that respondents delivered and appellants received 840 tons of hay or any hay in excess of 651 tons; and affirmatively alleged that the hay was so stacked that it was impossible for appellants to make an investigation of the quantity thereof prior to the making

of the contract. The trial court rejected appellants' proof as to the quantity of hay delivered by respondents and received by appellants and granted a motion for directed verdict in favor of respondents apparently on the ground that appellants' proof tended to vary the terms of the written contract.

The majority opinion approves the action of the trial court upon the ground that the "approximately 840 tons" of hay mentioned in the contract was merely a descriptive estimate and not of the essence of the contract. The case of Holland v. Rock, 50 Nev. 340, 259 P. 415, cited in the majority opinion in support of such position, holds that the defendant therein could not refuse to accept delivery of a certain lot of sheep because less in number than the estimate, but did not hold that the plaintiff could collect and the defendant was bound to pay for the sheep that were not delivered. The other case cited in the majority opinion as supporting the same is Biglione v. Bronge, 192 Cal. 167, 219 P. 69. This case was concerned with the sale of an entire crop of growing grapes estimated at 130 tons. The court pointed out that where *both parties have equal means of knowledge* as to quantity, the naming of quantity is not regarded as in the nature of a warranty but only as an estimate or opinion of the probable amount.

The effect of knowledge was recognized in Baird v. Gibberd, 32 Idaho 796, at page 802, 189 P. 56, at page 57, the court saying:

"The statements as to the amount of hay were mere expressions of opinions; respondent was in as good a position to judge of the facts as were appellants; whatever the quantity of hay may have been that was actually in the stack was as much within the knowledge of the former as the latter."

The respondents harvested the hay; and at the time the dispute arose, they admitted possession of a book, which they agreed to but did not show to appellants, setting out the location and number of the stacks and the number of bales in each stack. Respondents had superior means of knowledge.

I am of the opinion that the amount of hay to be delivered and received was both *all the hay in the feed lot* and *approximately 840 tons more or less*. The phrase "more or less" would permit some small variation but would not encompass a variation of 189 tons. Whether the naming of the 840 tons be called an estimate, a representation or a warranty, it was a covenant on the part of respondents. While the delivery of all the hay in the feed lot might be thought sufficient to prevent appellants from rescinding the contract, it is not a sufficient compliance with the covenant to permit respondents to collect for 189 tons of hay they did not deliver and to compel appellants to pay for same. The reasonable market value of the hay not delivered should be deducted from the total purchase price. The trial court erred in not receiving evi-

dence as to the amount of hay delivered and in granting the motion for directed verdict. The judgment should be reversed and the cause remanded for new trial.

TAYLOR, C. J., concurs in the foregoing dissent.