W. JONES, J.,
specially concurring.
Although I agree that the decision of the district court should be affirmed, I write to clarify that I adhere to my dissent in Barrett v. Barrett, 149 Idaho 21, 26, 232 P.3d 799, 804 (2010). This case could similarly be interpreted based entirely on the fact that the deed was unambiguous and the black letter law in real property transactions is that parol evidence is not admissible for interpreting an unambiguous deed. Thus, I would affirm the decision of the district court that the magistrate court improperly considered parol evidence.
“When an instrument conveying land is unambiguous, the intention of the parties can be settled as a matter of law using the plain language of the document and without using extrinsic evidence.” Camp Easton Forever, Inc. v. Inland Nw. Council Boy Scouts of Am., 156 Idaho 893, 899-900, 332 P.3d 805, 811-12 (2014); Porter v. Bassett, 146 Idaho 399, 404, 195 P.3d 1212, 1217 (2008). In this case, when Eric and Jessica bought the Gwen property, the deed issued that property to “Eric Kawamura and Jessica Kawamura, husband and wife.” Both Eric and Jessica placed their initials on the warranty deed *6 next to their names as “Grantee.” Because there is no ambiguity in the interpretation of the deed, no extrinsic evidence is necessary beyond the language of the deed. Therefore, the property conclusively belongs to “Eric Kawamura and Jessica Kawamura, husband and wife.”
This Court has very subtly changed what has been the law of Idaho regarding property for the last hundred years. In conveyances of real property, where a deed is unambiguous and clear it is conclusive and parol evidence is not admissible to alter or vary its terms.
The first rule of construction to be applied to a written instrument in order to determine what is intended by it is that resort shall be had to the language of the instrument itself, and if the expressed meaning is plain on the face of the instrument it will control. The intention must be ascertained from the language of the deed itself where that is not ambiguous.
Meir-Nandorf v. Milner, 34 Idaho 396, 201 P. 720, 721 (1921) (quotations and citations omitted).
In a divorce case the court must deal with determining the nature of the property (separate or community), as well as the distribution of the property (to husband or wife). The majority seems to be inappropriately attempting to merge the considerations for determining the division of marital property with the interpretation of an unambiguous property deed. This is a mistake. The assignment of property in a marital divorce is a different consideration from the question of whether a deed is ambiguous.
Indeed, the Majority goes further than it did in the Barrett case where the consideration of outside evidence only applied to a refinancing situation. As I emphasized in my dissent in Barrett, unambiguous deeds are to be determined by what they say. The Court muddied the waters of property law in Barrett, by allegedly creating a “narrow exception” to the general rule, and now goes further by indicating that Barrett was not a narrow holding at all. The question now becomes whether this Court will say that all real estate transactions by all parties, regardless of the financing, are examined for the intent of the parties regardless of the clarity of the deeds.
Additionally, as I pointed out in my dissent in Barrett, the Court still fails to give an explanation as to why property transactions that involve husbands and wives should be treated differently than deeds between complete strangers or between husbands and wives in situations other than divorce. Although implied, the majority fails to state that this holding applies only to the interpretation of deeds between married couples. The implications of allowing parol evidence in interpreting unambiguous property deeds will lead to uncertainty in all property transactions. This uncertainty will affect all parties involved in real property transactions, including lending institutions and title insurance companies.
Therefore, I would affirm the decision of the district court that the magistrate improperly considered parol evidence in its interpretation of the Gwen property deed. Because this deed was unambiguous, its interpretation need go no further than the language of the deed itself. As stated in the deed, the Gwen home was not Eric’s separate property, but belonged to both “Eric Kawamura and Jessica Kawamura, husband and wife.”